MR. JUSTICE SHEA
delivered the opinion of the Court.
Petitioner Earlene West, appeals an order of the Cascade County District Court denying her petition for modification of a child support decree. She contends first that the evidence is insufficient to support the trial court’s findings, and second, that it was error for the trial court to adopt, verbatim, the proposed findings and conclusions submitted by the attorney for Arthur C. West, the father. Because the findings and conclusions fail to focus on the issues to be considered in a case such as this, we cannot review the case on the merits and we remand for another hearing and for entry of proper findings.
The findings and conclusions presented to the trial court by the father, focus entirely on the father’s inability to pay increased child support. Not a mention is made as to whether the mother proved changed circumstances since the last child support order. In adopting verbatim these proposed findings and conclusions, verbatim, the trial court failed to consider the factors set forth in section 40-4-208, MCA, which sets out the factors to be considered where a petition for modification of child support has been filed.
Although we need not detail the evidence here, we believe the mother presented a prima facie case of changed circumstances that could have rendered the former decree unconscionable. In adopting the father’s proposed findings and conclusions verbatim the trial court simply focused on what *471 the father wanted the trial court to focus on — the cash flow situation presented to the trial court by the father.
A more accurate picture of the father’s ability to pay could be obtained by an examination of the father’s actual expenditures over this time period to support the life style in which he lived. This life style was somehow more plush than the evidence of actual cash-flow he presented to the trial court. Perhaps proper discovery would have revealed his actual ability to pay rather than his ability to pay based solely on the father’s testimony to his cash on hand.
We require trial courts to make specific and accurate findings which consider all relevant factors. Duffey v. Duffey (1981), Mont., 631 P.2d 697, 38 St.Rep. 1105. This case demonstrates the need for such findings. Although the ability to pay is clearly a factor in determining whether to order an increase of child support, it does not dispose of the questions of whether the mother here has proved a change of circumstances which may have rendered a previous order of support unconscionable. Here the trial court clearly failed to consider the factors set out in section 40-4-208, MCA, before concluding that the entire case could be disposed of by a declaration that the father did not have the ability to pay increased child support.
We again emphasize that we discourage the verbatim adoption of findings and conclusions presented by one of the parties to the litigation. See Sawyer-Adecor International v. Anglin (1982), 198 Mont. 440, 646 P.2d 1194, 39 St.Rep. 1118; In Re Marriage of Beck (1981), Mont., 631 P.2d 282, 38 St.Rep. 1054; In Re Marriage of Tomaskie (1981), Mont., 625 P.2d 536, 38 St.Rep. 416. The losing party is entitled to know that he received the thoughtful consideration of the judge deciding the case rather than the partisan consideration of the attorney representing the other side of the lawsuit.
The order of the District Court is vacated and the case is remanded for another evidentiary hearing and for entry of proper findings and conclusions.
*472 MR. JUSTICES SHEEHY and WEBER concur.