No. 83-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF

EARLENE D. WEST,

Petitioner and Appellant,

and

ARTHUR C. WEST,

Respondent and Respondent.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable H. William Coder, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Alexander & Baucus; Gary M. Zadick, Great Falls,
Montana

For Respondent:

Marra, Wenz, Johnson & Hopkins, Great Falls,
Montana

---

Submitted on Briefs: July 27, 1984

Decided: September 24, 1984

Filed: SEP 24 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The petitioner and mother, Earlene D. West, appeals from a judgment of the Cascade County District Court denying her petition for modification of an existing child support order and request for attorney fees. This is the second time this case comes to us on appeal. We remanded this case once before for the trial court to take additional evidence and make additional findings. West v. West (Mont. 1983), 661 P.2d 1289, 40 St.Rep. 573. However, we still cannot properly review this case on the merits because neither the parties in their evidence nor the court in its findings and conclusions, properly focused on the financial needs of the children, as required. Duffey v. Duffey (Mont. 1981), 631 P.2d 697, 38 St.Rep. 1105.

The mother's petition for modification of the existing child support order, made pursuant to section 40-4-208, MCA, requires her to prove a change in circumstances so substantial and continuing as to make the existing child support order unconscionable. In determining whether such a change has been proved, the law requires consideration of the financial needs and resources of the children as well as the financial needs and resources of the mother and father. Duffey , supra. However, the financial needs of the children were virtually ignored.

The evidence reveals that the father, now remarried, has sufficient financial resources to meet his own needs and pay a greater child support obligation as well. Although the father claimed, and the trial court found, that the father does not have enough cash to pay increased child support, the

evidence demonstrates otherwise. Between February 19, 1982, and June 20, 1983, the father had sufficient cash to retire $42,500 worth of principal on his sole significant debt of $50,000. During that time period the father also had sufficient cash to purchase snowmobiles at a cost of $3,000, to replace the siding and windows on his current home at a cost of approximately $5,000, to purchase three pictures at a cost of $1,000, and to purchase a gun and reloading equipment at a cost of $300. The evidence also shows that the father's income for the year 1982 was $89,907. While the father's acquisition of equity in various building projects may be partially responsible for this substantial income, it is clear from the large cash expenditures that the father has the financial capability to pay an increased child support obligation.

On the other hand, the financial needs and resources of the mother, indicate that her ability to support herself and her minor children has declined. Since the entry of the existing child support order in 1979, the uncontroverted evidence demonstrates that the cost of living has increased for the mother and her minor children, particularly for items such as utilities, food, and the cost of operating an automobile. Since that time, the mother has also lost the social security disability payments which she had been receiving for the previous five years, and has had to supplement her income with public housing assistance, energy assistance and food stamps. The record also shows a monthly deficiency of $396 between the mother's monthly income and her monthly expenses. The mother is finding it increasingly difficult to meet her own support needs, let alone those of her minor children.

The father argues that the mother's deteriorating financial position was solely caused by several voluntary changes made by the mother. These changes include moving her family from an unmaintained house to a maintained apartment which is more expensive, and allowing the parties' adult son to live in her home. Although the father attacks the mother's judgment and financial management skills, he appears to be content to leave the major share of the parenting to the mother. It makes no sense for the father to attack the mother's capabilities to manage her home and finances, and yet to neither move for a change in custody nor to suggest any solutions to alleviate the detrimental effects upon his children if they are suffering from the mother's inability to manage the family's finances.

Finally, the trial court must consider the financial resources and needs of the children. The court considered their resources and found that the children have no assets, no independent sources of income and no other means by which to provide for their own sustenance. However, the trial court made no findings on the needs of the children. Unfortunately, the only evidence on their needs is an uncontroverted statement by the mother that as the children have gotten older, their needs and wants have increased. Nonetheless, the trial court should not have disregarded this statement, as it did establish the mother's threshhold evidentiary burden of proving that the needs of the children have increased. At this point if the parties did not present further evidence, the trial court nonetheless should have inquired further into the children's needs. Based on the evidence obtained, the trial court should have entered findings and conclusions on the financial needs of the

- 4 -

children, a determination that is essential when considering a petition for modification of child support.

The financial disparity between the financial needs and resources of the mother and father, occurring since the entry of the existing child support order in 1979, surely proves the inability of the mother to provide for the support of the children and the ability of the father to do so. However, an order for increased child support cannot be entered without first determining whether the current support payments are adequately satisfying the financial needs of the children.

We vacate the order of the District Court and remand for an evidentiary hearing to determine whether the financial needs of the children cannot be met by the current level of support payments. Based on this evidence, the Court shall enter proper findings.

Justice

We Concur:

Justices

Mr. Chief Justice Frank I. Haswell dissents and will file a written dissent later.

-5-