No. 85-70

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF
CARLIN RUSSELL ALT,

        Petitioner and Appellant,

    and

JUANITA SUSAN ALT,

        Respondent and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John R. Cobb, Augusta, Montana

    For Respondent:

        Graybill, Ostrem, Warner & Crotty; Gregory H. Warner,
        Great Falls, Montana

Submitted on briefs: Aug. 22, 1985

Decided: October 31, 1985

Filed: OCT 31 1985

_Ethel M. Harrison_
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

The husband appeals from two decrees of the District Court of the Eighth Judicial District, Cascade County, awarding custody, support, and visitation and dividing the property of the parties.

Because the District Court has considered the factors delineated by §§ 40-4-110, -202, -203, -204, -212, and -223, MCA, and because the District Court's findings are generally supported by the record, we cannot say that the District Court abused its discretion on most of the issues. The decrees are generally affirmed, but we remand on the creation of the trust out of appellant's inherited property.

Appellant raises the following issues for the Court's consideration:

1. Whether the District Court abused its discretion in adopting respondent's findings of fact and conclusions of law as to custody, child support and visitation.

2. Whether the District Court abused its discretion in not allowing joint custody of the child between respondent and appellant.

3. Whether the District Court allowed liberal visitation of the child to appellant.

4. Whether the District Court abused its discretion in awarding the amount of child support.

5. Whether the District Court failed to exercise independent judgment in distribution of the marital assets and erred in adopting respondent's findings of fact and conclusions of law as to the property settlement.

6. Whether the District Court erred in adopting the respondent's method of creating a trust for the child.

7. Whether the District Court abused its discretion in awarding temporary maintenance to respondent.

8. Whether the District Court abused its discretion in awarding costs and attorney fees to respondent.

Appellant (petitioner below) and respondent married on March 28, 1975. Their only child was born January 6, 1980. The parties separated in early February 1983. Appellant works full time as a mechanic, earning about $25,000 per year. Respondent was a homemaker during most of the marriage but attended an airline vocational school after the parties separated in 1983 and currently works in a travel agency in Great Falls earning about $9,000 per year.

The District Court awarded custody of the minor child to the respondent. Appellant's visitation includes every other weekend from Friday evening to Sunday evening and one evening per week in addition to alternate major holidays and two weeks during the summer months. The court also ordered appellant to pay $300 per month in child support. That child support is to be made through an assignment of his earnings. Appellant was required to make an assignment of his earnings because of his past history in failing to meet his child support obligations.

The District Court found that both parties had contributed equally to the property acquired during the marriage through their respective efforts. This property was valued at about $10,000, including the equity of $3,200 in their residence, three vehicles and a portable sawmill. In distributing the property, the court also considered property valued at about $90,000 that appellant inherited from his father subsequent to the parties' separation. The parties had outstanding bills totalling about $6,600. The bulk of

3

these debts are associated with the costs of respondent's vocational schooling.

The District Court awarded all the marital estate except the residence to appellant. The former residence was to be sold with the proceeds applied to the outstanding bills. Appellant is solely responsible for the remaining outstanding bills as part of the temporary maintenance to respondent. In order to give respondent an approximately one-half share of the property accumulated during the marriage, the court ordered appellant to pay respondent $5,000. The court also awarded all of the inherited property to appellant subject to the following provision:

> To protect and promote the best interests of the minor child, in the event any of said real property is sold prior to the minor child's eighteenth birthday—one-third, (1/3) of the proceeds of such sale after deductions of legitimate costs of sale shall be set aside and placed in trust, for the benefit of [minor child], with said funds to be applied to the expense of higher education, vocational training and general welfare, said trust to terminate and be distributed to said minor child on his eighteenth birthday or when he otherwise attains majority.

I

Appellant claims that the District Court abused its discretion by adopting respondent's proposed findings and conclusions as to custody, child support and visitation which were clearly erroneous. We will apply the rule we adopted for a similar claim in Kowis v. Kowis (1981), 658 P.2d 1084, 1088, 40 St.Rep. 149, 154:

> Where, as here, findings and conclusions are sufficiently comprehensive and pertinent to the issue to provide a basis for decision, and are supported by the evidence, they will not be

4

overturned simply because the court relied upon proposed findings and conclusions submitted by counsel.

Appellant disputes specific findings of fact which the District Court adopted from respondent's proposed findings. We have reviewed the transcript, and while there is conflicting testimony, there is substantial credible evidence to support the findings and conclusions of the District Court. As such, we have no reason to overrule those findings and conclusions.

## II

The next issue we will consider is whether the District Court abused its discretion in not permitting joint custody of the child between respondent and appellant. To develop this issue, appellant claims that the District Court did not consider all of the factors required by § 40-4-212 and § 40-4-223, MCA, in awarding custody of the minor child to respondent. We disagree.

The applicable sections of the Montana Code Annotated are as follows:

> 40-4-212. Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:
>
> (1) the wishes of the child's parent or parents as to his custody;
>
> (2) the wishes of the child as to his custodian;
>
> (3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> (4) the child's adjustment to his home, school, and community; and

5

(5) the mental and physical health of all individuals involved.

and

40-4-223. Award of joint or separate custody. In custody disputes involving both parents of a minor child, custody shall be awarded to the following according to the best interests of the child as set out in 40-4-212:

(1) to both parents jointly pursuant to 40-4-224; the court, in its discretion, may require the submission to the court of a plan for the implementation of the joint custody order; or

(2) to either parent. In making an award to either parent, the court shall consider, along with the factors set out in 40-4-212, which parent is more likely to allow the child frequent and continuing contact with the noncustodial parent and may not prefer a parent as custodian because of the parent's sex. The court, in its discretion, may require the submission to the court of a plan for the implementation of the custody order.

The District Court made a number of specific findings of fact in its decree relevant to these criteria and then sums the matter up in its Findings XII and XIII:

XII

The court has considered the prospect of joint custody; based upon the findings herein, the present custody arrangements, and the living and working requirements of the parties, the court finds the best interest of the child will be served with custody remaining with Respondent JUANITA ALT.

XIII

Based upon the criteria set forth in 40-4-212, as well as 40-4-222 through 40-4-225, MCA pertaining to joint and separate custody, including the wishes of the parties herein, the inter-reaction and inter-relationship of the child with his parents, and any other person who may significantly affect the child's best interests, the child's adjustment to his home, community and environment, and the mental and physical health of all individuals

6

> involved, and the custodial parent
> allowing frequent and continuing contact
> with the non-custodial parent, the Court
> finds that the best interests of the
> child will be served awarding custody to
> Respondent JUANITA SUSAN (ALT) MATTHEWS
> with reasonable and liberal rights of
> visitation to the Petitioner RUSSELL
> ALT, as hereinafter set forth.

As stated earlier, these findings are supported by the record. In view of these findings by the District Court, appellant's claim that the required criteria in awarding custody were not considered borders on frivolous.

## III

The District Court found that appellant is entitled to "reasonable and liberal rights of visitation." Appellant claims the court then abused its discretion by contradicting itself and not awarding "liberal" visitation. Appellant's visitation includes every other Friday evening to Sunday evening and one evening per week in addition to alternate major holidays and two weeks during summer months. We will not quibble with the District Court's definition of liberal. The visitation award is reasonable if not liberal and we affirm.

## IV

Appellant also challenges the District Court's child support award by claiming the statutory criteria were not considered. The applicable statute is:

> 40-4-204. Child support. In a proceed-
> ing for dissolution of marriage, legal
> separation, maintenance, or child sup-
> port, the court may order either or both
> parents owing a duty of support to a
> child to pay an amount reasonable or
> necessary for his support, without
> regard to marital misconduct, after

7

considering all relevant factors including:

(1) the financial resources of the child;

(2) the financial resources of the custodial parent;

(3) the standard of living the child would have enjoyed had the marriage not been dissolved;

(4) the physical and emotional condition of the child and his educational needs;

(5) the financial resources and needs of the noncustodial parent; and

(6) for the purposes of determining a minimum amount for support, the amount received by children under the AFDC program, as defined in 53-2-702.

Appellant claims that the court only considered his financial resources. The decree of the District Court and the testimony, however, indicates that all the statutory criteria were considered. Child support awards made by the District Court will not be disturbed on appeal unless there has been a clear abuse of discretion resulting in substantial injustice. In re Marriage of Brown (1978), 179 Mont. 417, 426, 587 P.2d 361, 367. We cannot say that the District Court erred in awarding $300 per month for the support of the minor child.

V

The fifth issue raised by appellant is similar to the first issue considered. Appellant argues that the District Court erred by failing to exercise independent judgment by adopting respondent's proposed findings of fact as to the property settlement. Again, however, as with the findings regarding custody, the District Court's findings are supported by the record, and we affirm.

The standard for review of findings made by a District Court is the same whether the District Court prepared the findings or adopted a party's proposed findings. In re Marriage of Goodmundson (Mont. 1982), 655 P.2d 509, 511, 39 St.Rep. 2295, 2297. Error occurs when the proposed findings are relied upon to the exclusion of the proper consideration of the facts and the exercise of independent judgment. In re the Marriage of Hunter (Mont. 1982), 639 P.2d 489, 495, 39 St.Rep. 59, 67. Here, the record reflects conscientious concern and participation by the District Court.

There is one specific finding that appellant objected to under this issue on which we will comment. Appellant argues that the property he inherited from his father subsequent to the separation should not have been considered in the property division.

Under § 40-4-202, MCA, the District Court must consider future acquisition of assets in proceedings to divide property following dissolution of marriage. In Goodmundson, 655 P.2d at 512, we determined that § 40-4-202, MCA, made the husband's expectation of a sizeable inheritance a valid consideration in the equitable distribution of the marital property. If an expectation of inheritance is a valid consideration in the distribution of marital property, so also is an actual inheritance a valid consideration in such proceedings even if not actually classified as marital property. The District Court did not err in considering appellant's inheritance. On the contrary, the court may have erred had it not made such a consideration.

Appellant claims the District Court abused its discretion by adopting respondent's method of creating a trust for the child. We have already applied the law in this opinion that the District Court does not abuse its discretion simply by adopting a party's proposals. However, there is an abuse of discretion where the court adopts a proposed trust that is beyond the authority of the court to order. Here, the trust adopted by the District Court goes beyond the authority granted in § 40-4-202(2), MCA.

Section 40-4-202(2), MCA, provides:

> (2) In a proceeding, the court may protect and promote the best interests of the children by setting aside a portion of the jointly and separately held estates of the parties in a separate fund or trust for the support, maintenance, education, and general welfare of any minor, dependent, or incompetent children of the parties.

Such trusts, then, by the language of the statute, are to be established only for support and maintenance of minor, dependent or incompetent children. The trusts are to be in compliance with Montana law that a parent's obligation to support a child ends upon the child becoming eighteen years old, Chrestenson v. Chrestenson (1979), 180 Mont. 96, 97, 589 P.2d 148, 150, unless the child is retarded or otherwise unable to care for itself. In re Marriage of Wolfe (Mont. 1983), 659 P.2d 259, 262, 40 St.Rep. 211, 214; In re Marriage of Maberry (1979), 183 Mont. 210, 221, 598 P.2d 1115, 1116.

The trust created by the District Court's property settlement decree would be distributed to the child on his eighteenth birthday. The child is not retarded, incompetent or disabled. The trust would therefore go to support the child after the parent's obligation of support had ended. As

such the trust is contrary to § 40-4-202(2), MCA, and Montana law and cannot be upheld.

## VII

There is no need to deal with appellant's final two issues in any detail. Much of what we could say would repeat our earlier conclusions in this opinion.

We have read the applicable statutes, the testimony and the District Court's findings and conclusions and can find no abuse of discretion.

The District Court judgment is affirmed on seven of the eight issues raised by appellant. We remand to the District Court only on the sixth issue for additional findings of fact pertinent to the need for a trust. If the District Court finds that a trust is needed in addition to child support to provide for the minor child, the District Court may then establish one. The trust must go for the support, maintenance, education, and general welfare of the child only prior to his eighteenth birthday.

Costs to respondent.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices