No. 87-566

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

IN RE THE MARRIAGE OF
LYNNE CALLAHAN,

   Petitioner and Appellant,

 and

EDWARD CALLAHAN,

   Respondent and Respondent.


APPEAL FROM: District Court of the Second Judicial District,
   In and for the County of Silver Bow,
   The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

   Nye & Meyer, Billings, Montana

  For Respondent:

   Brad Belke, Butte, Montana


Submitted on Briefs: July 21, 1988

Decided: September 1, 1988

Filed: SEP 1 1988

*Ethel M. Harrison*

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Appellant, Lynne Callahan, appeals the findings of fact, conclusions of law, and order of the Honorable Arnold Olsen, Second Judicial District, Silver Bow County. Respondent moved for modification of child support and visitation rights and obligations of the dissolution decree of December 10, 1984. The District Court found that the amount of child support per month was too high; that although the father had not made any support payments, this was mitigated by extenuating circumstances; and that the mother was secreting the children from respondent. Judge Olsen entered his findings on November 6, 1987.

The following issues are brought on appeal:

1. Whether the District Court rulings on abandonment and ability to pay child support were within its subject matter jurisdiction.

2. Whether the District Court abused its discretion in modifying the child support agreement.

3. Whether the District Court erred in adopting respondent's alleged mitigating circumstances for unpaid child support.

4. Whether the District Court abused its discretion in finding that the mother secreted the children from respondent.

5. Whether the District Court erred in finding that the respondent owed no more than $9,300.00 in arrears for child support.

6. Whether the District Court abused its discretion in accepting the respondent's findings of fact wholesale.

We reverse.

Appellant and respondent were divorced on December 10, 1984. In the dissolution decree it was agreed that the

mother would have custody of the three children from the marriage and the father would receive visitation during holidays, weekends, and summers. Respondent was ordered to pay $100.00 per month per child in child support. Respondent failed to pay any support in the three years between the decree and the July 6, 1987, hearing. Respondent only visited the children twice shortly after the divorce proceedings. When he took the children back to appellant's residence after the first visit in Stevensville, he allegedly swore at the appellant, threw the children's luggage out of the car, and pointed a gun at the appellant.

Thereafter, the appellant did not tell the respondent her new address when she moved. She testified that she did not tell the respondent because she feared for her life and the lives of her children. She did, however, leave a forwarding address with the postal service and held a valid driver's license with the most current address. Respondent claimed that he went to extensive means to find the appellant and the children but was unsuccessful for two years.

Appellant served respondent a petition for adoption of the children by Ed Wright, appellant's new husband. Respondent moved for a post-dissolution hearing which would clarify his visitation rights, where he claimed mitigating circumstances for not paying child support, and requested that appellant be held in contempt of court for secreting the children from him. It is from the District Court's findings in this action that appellant appeals.

The first issue in this case is whether the District Court had proper subject matter jurisdiction over the matters of abandonment and the father's ability to pay child support. The post-dissolution hearing from which this case arises centered around the issues of unpaid child support and respondent's visitation rights. Three years after the

3

dissolution decree, this hearing was held shortly after the respondent was served with an adoption proceeding notice. Appellant's husband, Ed Wright, is petitioning for the adoption of the Callahan children. Lynne Callahan and Wright claim that because respondent has not made payments and has not visited the children for over a year, he abandoned the children, pursuant to § 40-8-111(a)(iii), MCA, and § 41-3-102(3)(d), MCA. Respondent moved to have child support payments modified, visitation rights clarified, and a finding against abandonment. In the order of November 6, 1987, Judge Olsen found that Ed Callahan had not abandoned his children and desired a continuous relationship with them.

The question of abandonment was outside the scope of the Second Judicial District's subject matter jurisdiction. Pursuant to Rule 12(h)(3), M.R.Civ.P., "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is clear in this case that the court holds jurisdiction over the issues which were included in the original dissolution decree. Those issues are: dissolution of the marriage, child support, property distribution, and visitation rights. This list does not include abandonment. The question of abandonment is one which is to be decided by the court which hears the adoption proceeding. In a case for modification of rights and obligations in a dissolution of marriage, lack of subject matter jurisdiction may be raised at any time and a court may not acquire the jurisdiction even with the consent of both parties. Corban v. Corban (1972), 161 Mont. 93, 504 P.2d 985; Marriage of Cox (Mont. 1987), 736 P.2d 97, 44 St.Rep. 567.

Ability to pay, on the other hand, is an issue which is within the purview of the District Court's jurisdiction. The ability of the father to pay is an important feature of child

4

support. The lower court has subject matter jurisdiction over matters relating to support payments.

The second issue is whether the District Court abused its discretion in modifying the child support. Under § 40-4-208(2)(b)(i), MCA, when a decree for modification contains provisions relating to support, modification may be made by the court only "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." The burden of showing the necessary change for modification is on the movant, in this case, the respondent. State of Or. ex rel. Worden v. Drinkwalter (Mont. 1985), 700 P.2d 150, 42 St.Rep. 599. Respondent has failed to do so here.

In the original dissolution decree of December 10, 1984, the District Court ruled that Edward Callahan was to pay $100.00 per month per child in support. It made this ruling knowing that respondent was a substitute teacher, had a limited salary, and that he had a spinal injury limiting some of the work that he could do. The District Court made modifications apparently without considering the fact that in the three years since the decree, respondent's income and health have remained nearly the same. There have been no substantial changes which call for modification of the decree. Nor has respondent passed the burden of proof to show that a change is necessary. In fact, respondent has not shown anything to this Court which would cause us to affirm the modified decree. He has never made a support payment and he received $20,000.00 in settlement for his spinal injury, none of which was used for child support.

It is within the District Court's discretion to decide whether the noncustodial parent has the ability to pay child support when considering modification of child support. In Matter of Adoption of K.L.J.K. (Mont. 1986), 730 P.2d 1135,

1139, 43 St.Rep. 2297, 2301, we instructed trial judges to consider certain elements when determining whether a parent is able to contribute to the support of a minor child, including:

(1) The parent's ability to earn an income;

(2) The parent's willingness to earn an income and support his child;

(3) The availability of jobs;

(4) The parent's use of his funds to provide himself only with the bare necessities of life prior to providing support for his child.

In taking these factors into consideration when deciding whether the noncustodial parent is able to pay, it it is easier to also decide if there has been a substantial change in circumstances. The trial court abused its discretion in modifying the support payments without a proper examination of the requirements.

The trial court also erred in modifying the amount of child support to $50.00 per month. While the guidelines suggest that no support can be for less than $50.00, to clarify, that amount should be $50.00 per month per child. This will assure that the custodial parent can properly care for the children.

When determining the proper amount of support to be paid by respondent, we would suggest that the District Court use the Uniform Child Support Guidelines (Mont. 1987), 44 St.Rep. 828, and the requirements cited here before modifying the original decree.

Respondent claimed that there were mitigating circumstances which prevented him from making payments, namely: the lack of income, a spinal injury suffered in 1979, and his lack of knowledge of the whereabouts of the children in order to make payments. The District Court ruled that the

6

circumstances did call for mitigation. The District Court abused its discretion in adopting mitigating circumstances.

The respondent claims lack of income as a mitigating excuse. The District Court ruled that Edward Callahan was to pay $300.00 per month support in the original decree. Although he has essentially the same income now that he had in 1984, the District Court modified the original decree on the grounds that respondent's income was insufficient to pay child support. Respondent has not made a single payment of child support and makes issue of the payments three years later. Moreover, he received a settlement of $20,000.00, paying doctor's bills and debts without making any payments to support the children. At the hearing, the District Court was disturbed with the fact that respondent had not used any of the settlement for child support, but made no mention of the settlement when he adopted the mitigating circumstances in the order.

Respondent also claims that the spinal injury limits the work he can do. A friend of the respondent, though, deposed that Edward Callahan turned down full time jobs because they were outside of Butte. Respondent also stays active by riding horses two or three times a week and doing minor excavation in the basement of his home.

The third of the mitigating circumstances was that respondent did not know the location of his children in order to send the support money. However, the respondent knew where the family was living from the time of the dissolution decree, December 1984, through the fall of 1985, and still made no payments to the appellant. Moreover, the appellant left forwarding addresses with the United States Postal Service and respondent had only to send the checks to her Stevensville address and they would have arrived at the Boyd

7

address. The District Court erred in adopting the mitigating circumstances.

The fourth issue is whether the District Court abused its discretion in finding that the mother secreted herself and the children from the respondent.

The District Court held appellant in contempt for not keeping the respondent apprised of the location of her and her children. After the divorce appellant moved with the children to Stevensville and was there until the fall of 1985 when she moved to Boyd. She did not contact respondent to tell him that they had moved but did leave a forwarding address with the post office. Section 40-4-222, MCA, on joint custody, states:

> The legislature of the state of Montana finds and declares that it is the public policy of this state to assure minor children frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy.
> . . .

Although both parents are to carry the rights and responsibilities, the custodial parent does not have an affirmative duty to tell the noncustodial parent of every move within the state. It is, however, our suggestion that each parent keep the other parent apprised of each other's whereabouts. In the case on appeal, it was sufficient that the mother left forwarding addresses with the postal service and held a valid Montana driver's license with her most current address. The father could have, with little difficulty, located the mother and children.

The fifth issue is whether the District Court erred in finding respondent in arrears the sum of $9,300.00. This was

8

the amount due for child support up to the time of the post-dissolution hearing in July 1987. However, the court erred in not adding the accrued support due from July to December 1987 in its order of November 6, 1987. Moreover, appellant is entitled to interest accruing on the past payments still due. Torma v. Torma (1982), 198 Mont. 161, 645 P.2d 395.

The last issue is whether the District Court erred in accepting wholesale the findings of fact of the respondent. We hold here that it did so err. Error occurs when the court accepts one party's proposed findings of fact without proper consideration of the facts and where there is lack of independent judgment by the court. In Re Marriage of Alt (Mont. 1985), 708 P.2d 258, 42 St.Rep. 1621; In Re Marriage of Goodmundson (1982), 201 Mont. 535, 655 P.2d 509; In Re Marriage of Hunter (1982), 196 Mont. 235, 639 P.2d 489.

In accepting the respondent's proposed findings, the court failed to address the $20,000.00 settlement when considering respondent's ability to pay and whether that amount should have been used to pay support. The court also accepted respondent's excuse that the payments were mitigated. By doing this, the court disregarded the fact that the respondent's financial status and physical abilities were the same as they had been when the original dissolution decree was decided. Respondent claims that he could not pay support because he did not know where his children were living; but, in accepting this, the court did not consider that the respondent knew where the appellant was for one and one-half years during which time no child support payments were made.

On these grounds we reverse and remand for new proceedings. On remand, the District Court will carefully consider these issues and find accordingly. The case on appeal is one where neither of the parties has fulfilled the obligations of

the dissolution decree. The mother avoided visitation attempts by the father, although they were few. The father did not make child support payments or try very diligently to locate his children to make those payments.

Reversed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices