No. 88-606

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE MARRIAGE OF
JUDITH ELAINE THANE,

        Petitioner and Respondent,

   and

DENIS PATRICK THANE,

        Respondent and Appellant.

_____

APPEAL FROM:  District Court of the Fourth Judicial District,
            In and for the County of Missoula,
            The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James P. O'Brien, Missoula, Montana

    For Respondent:

        Christopher Daly, Missoula, Montana

_____

Submitted on Briefs:  May 4, 1989

Decided: August 7, 1989

Filed:

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Denis Patrick Thane appeals from a judgment in the District Court, Fourth Judicial District, Missoula County, requiring him to pay to Judith Elaine Thane, his former wife, the sum of $150.00 per month for each of two children, the progeny of their former marriage. We affirm.

Denis Patrick Thane (Patrick) contends on appeal that because he and Judith Elaine (Judith) obtained a joint marital dissolution of their marriage in 1981, under a decree which contained no provisions for child support, that the District Court had no jurisdiction after more than two years to modify the decree with respect to child support. Patrick also contends that the District Court abused its discretion by concluding that the circumstances between the parties had changed so substantially that the terms of the 1981 decree had become unconscionable.

Patrick and Judith were married on August 8, 1970. Their marriage was dissolved following a joint petition for dissolution in the same District Court by a decree issued on June 9, 1981. The decree of dissolution granted joint custody, care and control of the minor parties, Erin Jennifer Thane and Jason Christopher Thane with equal rights and privileges in the parents respecting all decisions to be made. The dissolution decree further required Patrick to carry medical and dental insurance on the minor children of the parties.

On June 13, 1986, Judith filed a petition for modification of child support in the District Court. On August 29, 1986, Judith also filed a motion for temporary support. On January 9, 1987, the District Court granted

temporary child support to the respondent, which grant was upheld on a subsequent motion for reconsideration. On June 17, 1988, a hearing was held on the original petition for modification dated June 13, 1986, after which the District Court issued findings of fact, conclusions of law and order dated July 25, 1988, which granted Judith child support in the monthly amount of $150.00 per child to be paid by Patrick to Judith. This appeal followed.

On the issue of lack of jurisdiction in the District Court, Patrick contends that at the time of the original dissolution, no child support was sought by Judith and none was included in the original decree of dissolution. He contends that since no child support was awarded in the original decree, the decree cannot be modified to provide child support under the provisions of § 40-4-208(2)(a), MCA. He relies on Marriage of Cooper (Mont. 1985), 699 P.2d 1044, and Marriage of Hagemo (Mont. 1988), 749 P.2d 1079.

It is provided in § 40-4-208(2)(a), MCA, that:

Whenever the decree proposed for modification does not contain provisions relating to maintenance or support, modification under subsection (1) may only be made within two years of the date of the decree.

The District Court determined in its conclusions of law that because the decree of dissolution contained a specific provision relating to Patrick's obligation to provide support, i.e., medical and dental insurance, the District Court had jurisdiction to modify the decree.

The District Court had the provision of health insurance and more to rely on in asserting jurisdiction for the purpose of modification. In the original decree, the District Court had decided that it was in the best interests of the minor children that the parents have joint custody, care and control, with equal rights and privileges, and with all

decisions affecting the welfare of the children to be made by the mutual consent of the parties. Under this provision of the decree, since the dissolution, the children have been shared equally between the parents as far as custody and support is concerned. The result has been that the children have spent as much time in the home of the father, receiving there shelter and support, as they have in the home of the mother. There is no argument that this arrangement was what was contemplated by the parties at the time of the original decree of dissolution. There can be no doubt that the equal sharing of the sheltering and support of the children from and after the decree of dissolution was in effect an award of one-half of the cost of supporting the children to the husband. If, in fact, the District Court had intended that the husband pay no child support, then the court would have been under a duty to state the reasons for not ordering child support from a parent from whom a duty of support existed, under § 40-4-204(2), MCA. The original decree of dissolution is bare of any statements by the court as reasons for not requiring child support from the father.

Thus, the two year statute after which decrees may not be modified in the circumstances described in § 40-4-208(2)(a), MCA, is not met here. Both in providing directly for health insurance for the children and in providing for their joint care and support, the District Court in effect required child support from the husband and so had jurisdiction to modify the child support provisions even after the lapse of two years.

The second prong of Patrick's appeal is that the District Court had no basis upon which to find that the method of child support was unconscionable. Section 40-4-208(2)(b), MCA, provides that when a decree proposed for modification contains provisions relating to maintenance and

- 4 -

support, modification may be had only upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable, unless the parties consent otherwise.

The findings of the District Court with relation to the care of the children are that the children have been well cared for in both homes and have warm relationships with both parents. Both parents have provided for all of the needs of the children including food, shelter, health, social and recreational and academic needs.

The findings further show that after the dissolution, the wife became employed and that her income has increased from the time of the dissolution with relatively little earnings to $13,035.00. To obtain this income, she worked at Community Hospital 24 hours a week at $7.41 per hour and at State Farm Insurance Company for 31 hours a week at $5.25 per hour. Her mother contributes $150.00 monthly to Judith's support.

The husband is certified as an elementary teacher in Missoula and earns more than $30,000.00 per year with a net take home pay of $1,817.00 per month. Since the dissolution, his annual income has increased from $23,838 in 1983 to $30,677 in 1987, the last year shown in the findings. His income increases each year. The husband does not work in the summer months when school is out.

Judith intended to terminate her employment with State Farm Insurance Company on or about September 1, 1988, and to engage in cleaning houses at $7.00 per hour and selling encyclopedias. She felt these jobs would be flexible in the hours of work so that she would have more time for contact with her children, especially her daughter. The wife has no retirement plans or benefits other than available through her employment at Community Hospital. Husband is able to carry

medical and dental insurance on the minor children of the parties through his employment.

The District Court concluded that the child support provision as constituted under the 1981 decree of dissolution was unconscionable and should be modified because the parties are presently bearing the support of the children equally but the wife has a lesser income than the husband. His income has been increasing regularly each year while her income varies and increases cannot be depended upon. Accordingly, the District Court decided that the husband should pay $300.00 per month in child support to equalize the disproportionate burden currently being borne by the wife.

Essentially, Patrick argues against unconscionability on two grounds 1) that there is nothing in the evidence to show that there is a need by the children for his additional support, and 2) his monthly expenses as exhibited to the District Court show that he cannot afford the increased child support required by the District Court.

It is true that in Marriage of West (Mont. 1984), 692 P.2d 1213, this Court remanded the cause for an evidentiary hearing because the District Court had failed to make findings on the needs of the children and this Court wanted the District Court to determine whether those needs could be met at the current level of support payments. That is not the situation here. Judith is bearing one-half of the cost of the support of the children although her annual income is less than one-half of that of her former husband.

The needs and resources of the parents with respect to child support are also factors to be looked at by the District Court. Marriage of Callahan (Mont. 1988), 762 P.2d 205. Here the District Court determined that Patrick's net take home pay was $1,817.00 per month and noted his claimed current expenses of $1,850.00 per month. The District Court

said this included a house payment at $696.00 per month and a payment for savings of $100.00 per month.

The spirit of our law respecting child support is that the parties will be required to contribute to the support of the children in proportion to their ability to make such contributions. Each case is decided on a case-to-case basis. We established that requirement in Marriage of Carlson (Mont. 1984), 693 P.2d 496, and continued it in adopting <u>Guidelines for Determining Child Support</u>, effective January, 1987, [Published in 44 St.Rep. 828 (1987), and in the Desk Book published annually by the State Bar of Montana]. Because of the disparity in the parties' incomes, the court found it unconscionable that the wife should bear one-half of the cost of supporting the children and fashioned a contribution from the husband accordingly.

The changes in the couple's financial circumstances since the dissolution were so substantial and continuing as to make the earlier support arrangement unconscionable. Marriage of Jensen (Mont. 1986), 727 P.2d 512. We uphold the District Court on this issue.

Under Rule 54(a), M.R.Civ.P., findings by a district court are to be sustained by us, unless clearly erroneous. We do not find the District Court in error and therefore affirm.

John C. Sheehy
_____
Justice

We Concur:

J. A. Turnage
_____
Chief Justice

John Conway Harrison

- 7 -

_William E. Hewitt_

_Fred J. Weber_

_L. C. Gulbrandson_

_P. C. McDonough_

Justices