No.    90-311

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF:

ELVIN FITZHUGH,

       Petitioner and Appellant,

   -vs-

TENLEY FITZHUGH,

       Respondent and Respondent.

**FILED**

MAY 2 0 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Leonard J. Haxby, Attorney at Law, Butte, Montana.

     For Respondent:

     Brad L. Belke, Attorney at Law, Butte, Montana.

Submitted on Briefs:  April 18, 1991

Decided:  May 20, 1991

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Petitioner, Elvin Fitzhugh, appeals the District Court's determination of visitation rights as decreed by the Second Judicial District Court, Silver Bow County. We affirm.

The sole issue presented for review is whether the District Court's grant of visitation rights to Mr. Fitzhugh was reasonable.

Elvin Fitzhugh and Tenley Fitzhugh were married on June 23, 1979, in Billings, Montana. They have one child, Lauren Ann, born April 20, 1986. The parties separated in November of 1988. Thereafter, Mrs. Fitzhugh moved, with Lauren, to Billings where they lived with her parents. Mr. Fitzhugh remained in Butte. On January 31, 1989, Mr. Fitzhugh filed a petition for dissolution of marriage in the District Court of the Second Judicial District. The initial temporary custody hearing was held by the District Court on March 27, 1989. At that time the court awarded, on a temporary basis, the physical custody of Lauren to Mrs. Fitzhugh. The second and final hearing was held on February 22, 1990.

The testimony heard at trial conflicted. Each party testified as to his or her superior parental skills and ability and each introduced character witnesses to support his or her claims. After hearing testimony, the District Court entered its findings of fact, conclusions of law and decree on April 18, 1990. Finding of fact no. 6 reads, in part, as follows:

> The Court heard evidence from all of the parties that the child is healthy and bright with a positive and

2

affectionate attitude. The child has lived with the Respondent [Mrs. Fitzhugh] during the past year . . . and the child has appeared to do very well in this environment. The child's involvement with her grandparents, her church, her other family members in Billings and her extracurricular activities are clear and convincing evidence that she is prospering in her present environment and has adjusted extremely well to her present custodial environment.

> The evidence presented by the Petitioner [Mr. Fitzhugh] is not persuasive because the social worker had no contact with the Respondent or the child's grandparents. It was also clear to the Court from the testimony of the social worker that certain information which was supplied to him by the Petitioner was inaccurate.

Based on its findings and conclusions, the District Court granted the parties joint custody of their minor daughter and granted Mr. Fitzhugh reasonable visitation rights. From this decree, regarding visitation rights, Mr. Fitzhugh appeals.

On appeal, Mr. Fitzhugh contends that the District Court erred by restricting visitation, arguing that there is no evidence to establish that such visitation would endanger his child's health. Mr. Fitzhugh grounds his argument on § 40-4-217(1), MCA[1] which provides:

> A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral, or emotional health.

From this statute, Mr. Fitzhugh concludes that the District Court erred by restricting his visitation rights with his minor daughter

---

[1]Technically, this statute does not apply to these facts since the District Court awarded joint custody.

because the trial transcript is devoid of testimony tending to establish that visitation would endanger the child's physical, mental, moral, or emotional health. Following this line of reasoning, Mr. Fitzhugh argues that § 40-4-217(1), MCA, entitles him to unrestricted visitation rights. To the contrary, upon a showing that visitation will not endanger the child's health, § 40-4-217(1), MCA, requires that the court grant the non-custodial parent reasonable visitation rights. In the case of In re the Marriage of Tonne (1987), 226 Mont. 1, 8, 733 P.2d 1280, 1285, this Court affirmed the lower court's decree which awarded joint custody to the parents while limiting the father's visitation rights to alternate weekends and holidays, an alternate week night, Father's Day, and three nonconsecutive weeks in the summer. See also In Re Marriage of Alt (1985), 218 Mont. 327, 708 P.2d 258. In the case at bar the District Court did not find, nor did any evidence tend to suggest, that visitation with Mr. Fitzhugh would endanger the child's health in any way. Therefore, the test is whether Mr. Fitzhugh was granted reasonable visitation rights.

The District Court granted Mr. Fitzhugh visitation as follows:

A. From the date of this decree until the child enters pre-school in the Fall of 1990 the Petitioner shall have [the] following visitation rights:

  (i) one (1) seven day period of visitation each month;

B. From the date the child enters pre-school the Petitioner shall have the following visitation schedule:

4

> (i) the second and fourth weekends of each month, from 5:00 p.m. on Friday until 6:00 p.m. on Sunday;
>
> (ii) thirty (30) days summer visitation, beginning in the summer of 1991;
>
> (iii) alternate holiday visitation as follows:
>
>> (a) during odd numbered years Christmas, Memorial Day, July 4th, and Labor Day;
>>
>> (b) during even numbered years Christmas Eve, New Years, Easter and Thanksgiving.

The record clearly shows that under the provisions of § 40-4-212, MCA, the District Court considered the wishes of the child; the wishes of the parents; the interaction and interrelationship of the child with her parents; the child's adjustment to her home, school, and community; and the child's adjustment to her grandparents' home in determining the best interests of the child concerning custody and visitation. The court also considered the fact that Lauren is a young child, and she might react adversely to long and regular trips from Billings to Butte. Therefore, pursuant to the above schedule, the decree essentially provides Mr. Fitzhugh with liberal visitation comprised of alternating weekends and holidays and one month in the summer.

In light of the findings, we conclude that the court's visitation schedule is reasonable. Furthermore, the court's visitation schedule accords with In Re Marriage of Alt (1985), 218 Mont. 327, 332, 708 P.2d 258, 261, where we held that visitation

5

on alternate weekends, alternate holidays, one evening per week, and two weeks in the summer was reasonable. We find no error. The District Court is hereby affirmed.

John Conway Harrison
Justice

We concur:

William E. Hunt

A. C. McDonough

Jrm Trieweiler

Justices