No. 98-252

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 31

IN RE THE MARRIAGE OF

KELLY L. O'MOORE,

Respondent and Appellant,

and

KARL MARTIN O'MOORE,

Petitioner and Respondent.

APPEAL FROM:

>District Court of the Eighth Judicial District,
>In and for the County of Cascade,
>The Honorable Marge Johnson, Judge
>presiding.

COUNSEL OF RECORD:

For Appellant:

Joan E. Cook, Cook Law Offices, Great Falls, Montana

For Respondent:

Michael S. Smartt, Big Sky Law Center, Great Falls, Montana

Submitted on Briefs: January 11, 2001
Decided: February 26, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 The Appellant, Kelly O'Moore (Kelly), appeals from an order of the Eighth Judicial District Court, Cascade County, modifying the previous child support and custody arrangements with the Respondent, her ex-husband Karl O'Moore (Karl). We reverse.

¶2 We address the following issue on appeal: Did the District Court err in modifying child support when no finding was made that the prior order was unconscionable?

¶3 Kelly raises four other issues on appeal which we do not address. We do not address two of these issues--"did the District Court err in awarding attorney fees and costs to respondent" and "did the District Court err in ordering appellant to repay child support to respondent"--because our resolution of the first issue requires the District Court to readdress these issues on remand. We do not address the other two issues--"did the District Court violate the appellant's civil and constitutional rights when it ordered that respondent would have parenting time with the children every Sunday" and "was the length of time between trial and judgment prejudicial"--because these issues were not preserved for appeal. The general rule is that issues not raised before the trial court and new legal theories are not considered by this Court on appeal because it is unfair to fault the trial court on an issue it was never given an opportunity to consider. Unified Indus., Inc. v. Easley, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15 (citing Day v. Payne (1996), 280 Mont. 273, 276, 929 P.2d 864, 866). The trial court did not have an opportunity to consider these last two issues, so we will not address them on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 The parties to this action divorced on May 5, 1993. The Decree of Dissolution amended and incorporated the terms of a previous Marital Settlement Agreement (Agreement) entered into by the parties when they initially separated. This Agreement documented the parties' understanding regarding the coordination of the care and support of their two children. The Agreement provided for joint custody with Kelly having physical custody during the school year and Karl having physical custody during the summer. The Agreement also provided that Karl would have custody of the children every Sunday and every Wednesday, every other Saturday, and all holidays except Christmas. The Agreement further provided that this arrangement would be reversed during the summer. The Agreement also provided for a $360 per month support payment by Karl to Kelly, which was later amended to $400 per month by agreement of the parties in the Decree of Dissolution.

¶5 Subsequent to this Agreement, Karl remarried. As a result of this new marriage, Karl added the three

children from his new wife's first marriage to his household for six months out of the year. Also subsequent to this Agreement, Kelly and Karl both received significant pay raises in their respective career positions. Finally, Kelly and Karl did not stick to the specific terms of the Agreement regarding custody, but rather, Karl's total amount of time with the two children increased. This increase arose because Kelly allowed Karl to either pick the children up earlier (Friday night rather than Saturday morning), or similarly keep the children later (Monday morning rather than Sunday night or Thursday morning rather than Wednesday night), in conjunction with his regularly scheduled custody.

¶6 On December 14, 1995, Karl filed a petition to modify the Agreement's terms regarding the child support obligation and custodial plan. In addition to the above changes in personal circumstances, Karl asserted that the original child support amount was incorrectly calculated under Montana's child support guidelines. Karl argued that he spent more than 110 days per year with the children, which is the minimum amount of time required under the guidelines in order for this factor to be considered in adjusting proper child support. Karl further asserted that the initial calculation was incorrect because it failed to factor in the amount of time he spent with the children.

¶7 After a hearing on the matter, the District Court entered its Findings of Fact, Conclusions of Law, and Order (Order) which incorporated many of the proposed findings submitted by Karl[1]. This Order modified both the child support amount paid by Karl and the custody arrangements between the two parties. Kelly now appeals various aspects of this Order. Further details are included in the discussion below.

[1]We note here that Kelly states in her opening brief that she submitted proposed findings of fact, conclusions of law, and decree on September 19,1996. However, these proposed findings do not appear in the District Court's record submitted on appeal.

## STANDARD OF REVIEW

¶8 In cases involving modification of child support, we review a district court's findings of fact to determine whether they are clearly erroneous. In re Marriage of Pearson, 1998 MT 236, ¶ 29, 291 Mont. 101, ¶ 29, 965 P.2d 268, ¶ 29 (citing In re Marriage of Widhalm (1996), 279 Mont. 97, 100, 926 P.2d 748, 750). A trial court's conclusions of law are reviewed de novo to determine whether the court's interpretation of the law was correct. Pearson, ¶ 29. However, § 40-4-208(2)(b)(i), MCA, provides that a previous decree containing support provisions may be modified only upon changed circumstances so substantial and continuing as to make the existing terms unconscionable. These determinations are discretionary, so a district court's ultimate decision on modification of child support is reviewed for abuse of discretion. In re Marriage of Jarussi, 1998 MT 272, ¶ 7, 291 Mont. 371, ¶ 7, 968 P.2d 720, ¶ 7.

Determinations of unconscionability are made on a case-by-case assessment. In re Marriage of Brown (1997), 283 Mont. 269, 272, 940 P.2d 122, 123. Finally, the burden of demonstrating both substantial and continuing change, and unconscionable terms, is on the moving party. In re Marriage of Callahan (1988), 233 Mont. 465, 469, 762 P.2d 205, 208; In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93.

## DISCUSSION

**¶9 Did the District Court Err in Modifying Child Support When No Finding Was Made That the Prior Order Was Unconscionable?**

¶10 In this case, Kelly asserts that the District Court erred because it did not specifically find that the prior Agreement was unconscionable in light of the changed circumstances. Kelly notes that the word unconscionable does not appear in the court's Order. Karl asserts that alternative wording in the District Court's Order indicates that the court properly found unconscionable conditions before altering the previous child support Agreement.

¶11 We have previously addressed this specific issue in a closely analogous case, Jarussi. Jarussi, ¶ 6. Section 40-4-208(2)(b)(i), MCA, requires that modification may only be made "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." In Jarussi, we held that under § 40-4-208(2)(b)(i), MCA, the finding of substantial and continuing change is separate from the finding of unconscionability. Jarussi, ¶ 7. We further held that a trial court must find both criteria met before modifying a previous child support order. Jarussi, ¶ 14.

¶12 In that case, the trial court did not make any findings regarding unconscionability. Rather, the trial court found, "the circumstances to be sufficiently changed to allow modification." Jarussi, ¶ 8. The trial court followed this statement with findings that demonstrated a substantial and continuing change. However, we held that this was insufficient because the court did not then find whether the changes were unconscionable. We stated:

While [the trial court] need not couch its findings in the express "unconscionable" language of the statute, it must make findings by which we may determine it addressed the . . . unconscionability requirement.

Jarussi, ¶ 11. We held that the "circumstances . . . sufficiently changed to allow modification" language was inadequate to meet this requirement because it did not address unconscionability. Jarussi, ¶ 12. See also Gall v. Gall (1980), 187 Mont. 17, 20, 608 P.2d 496, 498 (although wife remarried and court had ample evidence of parties' relative incomes, case remanded because no finding of unconscionability made); Pearson, ¶ 41 (finding of changed circumstances separate from finding of unconscionability).

¶13 When courts have properly addressed the issue of unconscionability, we have upheld findings that the situation between the parties made the existing terms unconscionable and findings that the situation between the parties did not make the existing terms unconscionable. In the case Rome v. Rome (1980), 190 Mont. 495, 498, 621 P.2d 1090, 1092, we upheld the trial court findings that the change in circumstances of the father, including remarriage and change in income, were voluntary changes and did not render the existing terms of child support automatically unconscionable. In contrast, we have upheld findings where the trial court found the relative difference between the parties' incomes created an unconscionable situation. See In re Marriage of Thane (1989), 238 Mont. 349, 353, 777 P.2d 881, 884 (parties "required to contribute to the support of the children in proportion to their ability" even though they share joint custody); In re Support of Rockman (1985), 217 Mont. 498, 501, 705 P.2d 590, 591-92 (situation unconscionable when mother's income increased, father's income decreased).

¶14 In this case, the condition of and situation between the parties is analogous to cases both where unconscionability was found and cases in which it was not found. Further, the language of the District Court findings here is similar to the language in Jarussi. Here, the District Court generally found the facts as outlined above that constitute the substantial and continuing changes in circumstances. The Court then made the following findings:

As practiced by the parents, the original child support calculation appears to have been improperly calculated, resulting in an excessive award of child support to the mother. . . . This factor goes to the weight of the need to reconsider child support in this Cause. . . .

It is apparent from any calculation of child support under the guidelines, that the father was entitled to an adjustment in the amount of child support. The mother requested that the amount of child support not be changed, but provided no legal basis for the Court not recognizing the changes in circumstances and the need to adjust the amount of child support.

The District Court concluded:
A substantial and continuing change in circumstances has occurred, requiring that the child support be recalculated in accordance with the Child Support Guidelines.
These excerpts are the only portions of the court's Order that are relevant to unconscionability. Like Jarussi, these excerpts indicate the court simply found substantial and continuing changes automatically led to unconscionability, but did not separately consider unconscionability, as required by the statute.

¶15 Further, the District Court, in stating "[Kelly] requested that the amount of child support not be changed, but provided no legal basis for the Court," incorrectly placed the burden on Kelly to prove that the previous Agreement should not be changed, rather than placing the burden on Karl to demonstrate the situation made the existing terms unconscionable.

¶16 Karl essentially asserts that the court's language indicates the initial mistake in child support calculations that failed to account for the amount of time he spends with the children is per se unconscionable. Karl cites § 40-4-204, MCA, which requires that modifications be made in accordance

with the child support guidelines and also provides that child support calculated under the guidelines has a presumption of reasonableness. However, the initial Agreement which incorrectly calculated child support reads: "We agree that our respective contributions should be made in consideration of the statutory child support guidelines, as is evidenced by the worksheets attached hereto." These worksheets indicate $369.40 per month owed child support, and Karl agreed to pay $360, later changed to $400. Further, the Agreement also indicates that "none of its provisions shall be subject to alteration, amendment, or modification . . . [except] upon a showing in court of changed circumstances sufficient to render any term or terms hereof unconscionable." Karl himself conceded he had no "qualms" about the amount he paid in child support before he sought to modify the Agreement. Further, § 40-5-209, MCA, indicates that the guidelines are used to determine a "minimum" amount.

¶17 Therefore, because the District Court's findings and conclusions are too brief and conclusory to demonstrate that the District Court considered the unconscionability requirement of § 40-4-208, MCA, and because the Agreement between the parties also requires a finding of unconscionability, we hold that the District Court abused its discretion by failing to address the separate issue of unconscionability. We remand to the District Court for rehearing on this issue. In making this holding, we do not intend our decision to be construed as a comment on whether the circumstances are unconscionable.

¶18 As guidance for the District Court on remand, we note that the parties to this action have focused on the fact that the child support guidelines, and the resultant child support found owing, directly relate to the amount of time spent with each parent. However, it is not proper to alter custody based on how much child support will result. Such an approach is not in the best interest of the children, which is the overriding policy that guides all such actions. Further, Kelly did not properly appeal the custody findings previously determined by the District Court. Therefore, if the District Court finds on remand that the changed circumstances in this case are unconscionable, any decision on modification of child support must keep in mind the best interests of the children. Pearson, ¶ 29; see § 40-4-204, MCA; § 40-4-212, MCA; and § 40-4-234, MCA.

## CONCLUSION

¶19 Because the District Court did not make findings regarding unconscionability as required under § 40-4-208(2)(b)(i), MCA, we reverse and remand for rehearing.

¶20 Reversed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER