DA 09-0080

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 295N

JOEL VESSIE,

   Petitioner and Appellant,

  v.

AWNDRAY FRANCISCO,

   Respondent and Appellee.

APPEAL FROM: District Court of the Eleventh Judicial District,
      In and For the County of Flathead, Cause No. DR-94-030(A)
      Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Kai Groenke, Kent Saxby; Johnson, Berg, McEvoy & Bostock, PLLP,
     Kalispell, Montana

   For Appellee:

     Paul A. Shae; Law Office of George B. Best, Kalispell, Montana

        Submitted on Briefs: August 12, 2009

           Decided: September 2, 2009

Filed:

   _____
          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Joel Vessie (Vessie) appeals from findings of fact, conclusions of law, and order by the Eleventh Judicial District Court, Flathead County, modifying child support payments to require him to pay Awndray Francisco (Francisco) $837 per month. We affirm.

¶3 We restate the issues on appeal as follows:

¶4 Whether the District Court violated Vessie's procedural due process rights.

¶5 Whether the District Court's findings were clearly erroneous.

¶6 Whether the District Court's award of child support was an abuse of discretion.

¶7 Vessie and Francisco are the unmarried parents of C.F., a minor child who is currently 16 years old. In 1994 the parties agreed that Vessie would pay Francisco $144 per month in child support. Another agreement raised this child support obligation to $225 per month in 2004. Francisco claims that Vessie bullied and threatened her into accepting these low child support agreements, forcing her to seek State aid to care for C.F. while Vessie enjoyed a comfortable lifestyle. Eventually, Francisco retained

counsel and filed a motion for modification of child support on April 9, 2008. Vessie's responses to discovery requests produced inconsistent financial information. Vessie objected to the disclosure of financial information pertaining to his ownership interest in Guardian Home Loans, LLP, a mortgage brokerage business, and filed a motion for a protective order. On July 8, 2008, the District Court heard testimony on the pending motions from both Vessie and Francisco, and ordered Vessie to provide the requested information. Vessie provided supplemental information, which was filed with the court, and both Francisco and Vessie provided their analysis of this information through written court filings. The District Court issued its findings of fact, conclusions of law, and order on January 7, 2009, granting Francisco's motion for modification of child support, and ordering Vessie to pay Francisco $837 per month in child support, as well as Francisco's attorney fees. Vessie appeals from this order.

¶8 Whether a person has been denied due process of law presents a constitutional question of law; our review of such questions is plenary. *In re Mental Health of E.T.*, 2008 MT 299, ¶ 7, 345 Mont. 497, 191 P.3d 470. In child support modification cases, this Court reviews a district court's findings of fact to determine if they are clearly erroneous. *Midence v. Hampton*, 2006 MT 294, ¶ 11, 334 Mont. 388, 147 P.3d 227. We review a district court's modification of child support obligations for abuse of discretion. *In re Marriage of Wilson*, 2009 MT 203, ¶ 12, 351 Mont. 204, 210 P.3d 170.

¶9 *Whether the District Court violated Vessie's procedural due process rights.*

¶10 Vessie argues that the District Court violated his procedural due process rights by issuing a child support order depriving him of property without providing an opportunity

3

to explain, argue, and rebut the information at a hearing. The record shows that Vessie had an opportunity to explain, argue, and rebut the financial information provided to the court at the July 8, 2008, hearing and through his September 2, 2008, response to supplemental information filed by respondent. Vessie testified regarding his financial situation at the July 8, 2008, hearing, and further explained, argued, and rebutted the supplemental information provided in his seven-page written response. While Vessie maintains that he had a right to a hearing after the supplemental information was filed, he failed to request such a hearing, and cites no authority to support his claim that procedural due process requires another hearing. We conclude that the District Court did not violate Vessie's procedural due process rights.

¶11 *Whether the District Court's findings were clearly erroneous.*

¶12 Vessie argues that the District Court's findings of fact are clearly erroneous since they are based on counsel for Francisco's "analysis" of information, rather than on properly admitted evidence. Vessie further complains that the District Court merely adopted the findings proposed by Francisco. "Where, as here, findings and conclusions are sufficiently comprehensive and pertinent to the issue to provide a basis for decision, and are supported by the evidence, they will not be overturned simply because the court relied upon proposed findings and conclusions submitted by counsel." *In re Marriage of Alt*, 218 Mont. 327, 330, 708 P.2d 258, 260 (1985). Vessie offers no substantive reason to support his claim that the findings of fact are clearly erroneous. Once again, Vessie claims he was denied the benefit of a hearing to explain the supplemental financial information provided. However, as noted above, Vessie had adequate opportunity to

4

explain the information. The District Court heard testimony from both parties, received proposed findings of fact from both parties, and received copies of all discovery documents along with relevant explanations. As a result, the court had copies of tax returns, bank statements, affidavits, business records, and paychecks. This information was sufficient to establish an accurate income for both parties. We conclude that there is substantial credible evidence to support the District Court's findings of fact.

¶13 *Whether the District Court's award of child support was an abuse of discretion.*

¶14 Vessie again relies on his claim that the District Court failed to provide him an opportunity to present, explain, or rebut the financial information as proof that the court abused its discretion by awarding increased child support requested by Francisco. Given the above analysis, we conclude that the District Court did not abuse its discretion in awarding increased child support to Francisco. The District Court's decision applied Montana statutory law and the Montana Child Support Guidelines. Montana law provides that the court shall consider the financial resources of the parents in determining child support. Section 40-4-204(2)(b), MCA. The District Court made its decision in a realistic manner considering the actual income of both parties.

¶15 The District Court awarded Francisco attorney fees, which she requests again on appeal, claiming that Vessie's appeal is frivolous and filed for purposes of harassment and delay. The request for attorney fees on appeal is denied.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the

5

appeal is without merit because the issues are clearly controlled by settled Montana law; the issues are factual and there clearly is sufficient evidence to support the findings of fact below; and the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

¶17    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON