No. 95-048

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

PAM SANBURN,

   Petitioner and Respondent,

 and

SCOTT J. SANBURN,

   Respondent and Appellant.

FILED

JUL 17 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Sixteenth Judicial District,
              In and for the County of Powder River,
              The Honorable Kenneth R. Wilson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

              Jerrold L. Nye, Nye & Meyer,
              Billings, Montana

        For Respondent:

              A. Lance Tonn, Lucas & Monaghan,
              Miles City, Montana


                        Submitted on Briefs:  April 27, 1995

                                  Decided:  July 17, 1995

Filed:

                        Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Scott J. Sanburn appeals from an order modifying child support issued by the Sixteenth Judicial District Court, Powder River County. We affirm.

The sole issue on appeal is:

Did the District Court err when it determined the amount of modification in appellant's child support obligation?

Scott and Pam Sanburn were divorced on July 14, 1992. Scott was ordered to pay $650 per month in child support for the parties' three minor children. In May 1994, one of the children was emancipated following graduation from high school. Pursuant to the final decree of dissolution, upon the oldest child's emancipation, Scott's child support obligation was reduced to $500 per month as of June 15, 1994. In July 1994, Scott filed a motion to modify his child support obligation based on changed financial circumstances. A hearing on this motion was held on September 8, 1994.

At the hearing, the District Court heard testimony from both parties and received financial affidavits and child support calculations from Scott. Scott's child support calculation worksheet placed his child support obligation amount at $149 per month. Scott did not produce documentation at the hearing to support his assertion that his finances had changed to the extent that child support modification was necessary. He did not provide any documentation of his expenses. Scott's testimony regarding his current and future financial circumstances was vague, and consisted of rough estimates of the dates of employment and the amount of

2

money earned. He was not any more specific when testifying as to his future employment and earnings. He testified that he worked construction and ranching jobs, and also that he is self-employed. He raises and sells calves with a partner. He testified that he would be losing money on the calf operation for 1994, but that he intended to continue the operation. His testimony was contradictory and confusing, and contradicted the information in his financial affidavit. There were discrepancies in Scott's testimony between the amount of his earnings and expenses. Scott testified that his tax returns do not accurately reflect the amount of his earnings, due to the inclusion of personal expenses as business expenses for tax purposes.

Because of the contradictory and confusing nature of Scott's testimony, following the hearing the District Court ordered him to submit more accurate child support calculations. Scott's second calculated child support obligation increased by $6, to a total of $155 per month. Pam's child support calculation worksheets put Scott's child support obligation amount at $507 per month. The existing child support obligation was $500 per month. The District Court found Scott's first and second child support calculations, and his testimony, to be incredible, and rejected them in toto. The only documentation the District Court had was Scott's 1993 and 1992 income tax returns, and it based its award of child support on that documentation. The District Court set the child support amount at $405 per month.

Did the District Court err when it determined the amount of modification in appellant's child support obligation?

Our standard of review in child support modifications is whether the district court abused its discretion. In re Marriage of Hill (1994), 265 Mont. 52, 57, 874 P.2d 705, 707 (citing In re Marriage of D.F.D. and D.G.D. (1993), 261 Mont. 186, 203, 862 P.2d 368, 378).

Scott argues that the District Court attributed income to him that is not supported by the record. The District Court used the following figures in its child support calculations for Scott:

| | |
|---|---|
| Wages | $12,373 |
| Self-Employment | 6,214 |
| Depreciation | 3,500 |
| Interest | 42 |
| TOTAL: | $22,129 |

These figures came from Scott's income tax returns and from his July 1994 affidavit.

Modification of a child support obligation requires that the party seeking the modification establish circumstances so substantial and continuing as to make the original child support obligation unconscionable. Section 40-4-208(2)(b)(i), MCA. In re Marriage of Paunovich (Mont. 1995), 890 P.2d 1291, 1293, 52 St. Rep. 144, 145 (citing In re Marriage of Clyatt (1994), 267 Mont. 119, 121-22, 882 P.2d 503, 505).

In this case, Scott failed to establish that his financial circumstances changed to the extent that his original child support obligation was unconscionable. He provided no documentation to support his testimony. His testimony was contradictory, vague, and

4

confusing, and did not support the information he provided in his financial affidavit. After the hearing, the District Court requested different child support calculations from Scott. Scott testified that he was able to pay $200 per month. He was currently paying $500 per month, and his second calculation indicated an obligation amount of $155 per month.

The evidence in the record supports the amount of income the District Court attributed to Scott. We see no abuse of discretion by the District Court. We hold that the District Court did not abuse its discretion when it determined the amount of income attributable to Scott.

Scott contends that the child support obligation ordered by the District Court does not conform to the Montana Child Support Guidelines.

The District Court ordered Scott to submit new child support calculations after the hearing. The District Court stated in its order that it rejected Scott's testimony and his two child support calculations in toto. It used a combination of figures from Scott's income tax returns and from his July 1994 affidavit.

When a district court does not specifically follow the child support guidelines it must state the reasons why they are inappropriate in that case. Section 40-4-204(3)(b), MCA.

In this case, the District Court stated that it rejected Scott's testimony and child support calculations in toto. It stated that Scott's contradictory testimony and his child support computations put him in a "disingenuous" position. It is clear

5

that the District Court could not base its child support calculations on evidence that it rejected. It rejected Scott's offered evidence because of its incredibility. We hold that the District Court conformed to the Child Support Guidelines.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
                    Justice

We concur:

_____

_____

_____

_____
        Justices

6