No. 98-175

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 272

IN RE THE MARRIAGE OF

GENE R. JARUSSI,

Petitioner, Appellant

and Cross-Respondent,

and

ARNEEN K. JARUSSI,

Respondent and Cross-Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark D. Parker; Parker Law Firm, Billings, Montana

For Respondent:

Joan Meyer Nye; Nye & Meyer, Billings, Montana

Submitted on Briefs: September 10, 1998

Decided: November 12, 1998

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Gene R. Jarussi (Gene) appeals and Arneen K. Jarussi (Arneen) cross-appeals from the Findings of Fact, Conclusions of Law and Order entered by the Thirteenth Judicial District Court, Yellowstone County, granting Arneen's motion to increase Gene's monthly child support obligation. We reverse.**

**¶2. Although the parties raise several issues on appeal and cross-appeal, the dispositive issue is whether the District Court abused its discretion in modifying Gene's child support obligation pursuant to § 40-4-208(2)(b), MCA.**

## BACKGROUND

**¶3. On August 29, 1989, the District Court entered a Final Decree of Dissolution (Decree) dissolving Gene and Arneen's marriage. The Decree incorporated the parties' Separation Agreement (Agreement) by reference and, pursuant thereto, awarded Gene and Arneen joint custody of their two minor children, Erica and Kevin. The Decree and Agreement also provided that Arneen would be the children's primary residential custodian, with reasonable visitation privileges in Gene. Gene was obligated to pay $1,100 per month for child support and the parties agreed to "review the child support award as provided by the Montana Supreme Court Guidelines for Child Support."**

**¶4. On April 30, 1996, Arneen moved the District Court to modify the Decree by, in part, increasing Gene's child support obligation. In response, Gene contended that Arneen had not established any changed circumstances which made the current child**

support obligation unconscionable. After a hearing, the District Court entered its Findings of Fact, Conclusions of Law and Order increasing Gene's child support obligation to $1,903 per month. Gene appeals and Arneen cross-appeals.

## DISCUSSION

¶5. Did the District Court abuse its discretion in modifying Gene's child support obligation pursuant to § 40-4-208(2)(b), MCA?

¶6. Section 40-4-208, MCA, governs modification of child support provisions in a dissolution decree. In pertinent part, that statute provides that modification may be made only when there is "a showing of changed circumstances so substantial and continuing as to make the terms [of the decree] unconscionable" or with the parties' written consent. Sections 40-4-208(2)(b)(i) and (ii), MCA. Gene asserts that the District Court lacked the authority to modify his child support obligation under § 40-4-208(2)(b), MCA, because it did not make express findings that substantial and continuing changed circumstances existed which made the original child support amount unconscionable and, furthermore, that he did not consent in writing to modify the child support.

¶7. Where a modification of child support is made pursuant to § 40-4-208(2)(b)(i), MCA, a district court's determinations regarding substantial and continuing changed circumstances and unconscionability are discretionary. As a result, we review those determinations for abuse of discretion. In re Marriage of Pearson, 1998 MT 236, ¶ 30, ___ P.2d ___, ¶ 30, 55 St.Rep. 992, ¶ 30 (citing In re Marriage of Brown (1997), 283 Mont. 269, 272-73, 940 P.2d 122, 124). Furthermore, under § 40-4-208(2)(b)(i), MCA, changed circumstances and unconscionability are distinct factors which must be independently addressed. In re Marriage of Clyatt (1994), 267 Mont. 119, 123, 882 P.2d 503, 506; see also, Marriage of Pearson, ¶ 41. Thus, after finding that the circumstances surrounding the child support obligation have substantially and continuously changed, a district court must make a determination regarding unconscionability. Marriage of Clyatt, 267 Mont. at 123-24, 882 P.2d at 506.

¶8. Here, the District Court found "the circumstances to be sufficiently changed to allow modification" and set forth the following reasons in support of its finding:

a. At time of hearing and submission of this matter, approximately eight years had passed since the original child support determination;

b. The children are necessarily older and in later years of school;

c. The child support guidelines have been significantly modified;

d. Gene's income has increased substantially from the approximate $90,000 per year he was making in 1989;

e. The parties' current stipulation related to custody of Erica allows each of the parties approximately equal time where the previous order allowed Erica to primarily be with Arneen; and

f. The parties' agreement anticipated that they would review the child support award as provided by the guidelines and a provision for review without allowing the Court to make a modification after such review is meaningless.

The court made no other findings or conclusions regarding the § 40-4-208(2)(b)(i), MCA, requirements. Specifically, the court made no express findings that the referenced changed circumstances were so substantial and continuing as to render the original child support amount to be unconscionable. Thus, Gene appears to be correct in asserting that the District Court failed to make the unconscionability finding required by § 40-4-208(2)(b)(i), MCA, and <u>Marriage of Clyatt</u> before a child support obligation may be modified.

**¶9. Arneen argues, however, that the District Court did not need to make a finding which expressly used the word "unconscionable" and that such a requirement would be an exaltation of form over substance. She relies on Baer v. Baer (1982), 199 Mont. 21, 647 P.2d 835, for the proposition that a district court's findings of fact regarding**

the propriety of modifying child support do not need to reflect the exact wording of § 40-4-208(2)(b), MCA, and asserts that the District Court's specific finding that "the circumstances [were] sufficiently changed to allow modification" equated to a finding that there were substantial and continuing changed circumstances and that the current child support obligation was unconscionable.

¶10. In Baer, we concluded that the exact wording of § 40-4-208(2)(b), MCA, need not appear in a district court's findings as long as we could determine (1) whether, in light of the evidence of record, the district court's findings were clearly erroneous; and (2) whether, in light of the evidence and the findings based thereon, the court adhered to the standards outlined in the statute in making its judgment. Baer, 199 Mont. at 26, 647 P.2d at 838. Under this test, there clearly must be some findings by the district court upon which we may base our analysis of whether the court adhered to the standards of § 40-4-208(2)(b), MCA.

¶11. In the present case, the District Court made findings, as set forth above, that there were changed circumstances. Having done so, it was then required to make findings regarding whether those changed circumstances were so substantial and continuing as to render the original child support amount unconscionable. Marriage of Clyatt, 267 Mont. at 123-24, 882 P.2d at 506. The court did not do so and, specifically, made no findings relating to whether the changed circumstances had any effect on the adequacy of the original child support amount. While it need not couch its findings in the express "unconscionable" language of the statute, it must make findings by which we may determine it addressed the § 40-4-208(2)(b)(i), MCA, unconscionability requirement. We conclude that it failed to do so.

¶12. We observe that both parties appear to request us to examine the evidence in the record and determine, as a matter of law, whether the original child support amount is unconscionable. We decline to do so. As stated above, our review of a district court's decision to modify child support entails a determination of whether, in light of the evidence of record *and the findings based thereon*, the court adhered to the requirements of § 40-4-208(2)(b)(i), MCA. Baer, 199 Mont. at 26, 647 P.2d at 838. In the absence of the necessary findings, we must conclude that the District Court did not adhere to the statutory requirements underlying a modification of child support. We further conclude that the District Court's failure to make findings that the changed circumstances were so substantial and continuing as to make the original child support amount unconscionable rendered it powerless to modify Gene's child

**support obligation pursuant to § 40-4-208(2)(b)(i), MCA.**

**¶13. Nor does the record before us support modification of child support via the parties' written consent pursuant to § 40-4-208(2)(b)(ii), MCA. While Arneen contends that the provision in the Agreement whereby the parties agreed to review the child support award is Gene's written consent to modify child support, we recently clarified that a written agreement to review a child support award does not equate to written consent to modify that award. See In re Marriage of Syverson (1997), 281 Mont. 1, 11, 931 P.2d 691, 697. Here, Gene and Arneen agreed only to a periodic review of the child support obligation; there is no written agreement to modify that obligation as contemplated by § 40-4-208(2)(b)(ii), MCA.**

**¶14. We conclude that, because the threshold requirements contained in §§ 40-4-208 (2)(b)(i) and (ii), MCA, were not met in this case, the District Court was without authority to modify Gene's original child support obligation. As a result, we hold that the District Court abused its discretion in granting Arneen's motion to modify Gene's child support obligation pursuant to § 40-4-208(2)(b), MCA.**

**¶15. Reversed.**

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.'

/S/ JIM REGNIER

No

/S/ W. WILLIAM LEAPHART