No. 00-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 72N

IN RE THE MARRIAGE OF
PATRICK R. CAFFREY,

      Petitioner and Appellant,

  and

DEBRA A. CAFFREY,

      Respondent and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula,
                    The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            John H. Sytsma, Seeley Lake, Montana; Hank T. Waters, Waters, Smith &
            Gahagan, Hamilton, Montana

      For Respondent:

            Charles D. Wall, Jr., French, Mercer, Grainey & O'Neill, Polson, Montana

Submitted on briefs: December 7, 2000

Decided:  April 11, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Patrick R. Caffrey (Patrick) appeals an order issued by the District Court for the Fourth Judicial District, Missoula County, modifying Patrick's monthly child support payment. We affirm.

¶3 Patrick raises the following issues on appeal:

¶4 1. Did the District Court err by modifying child support without finding substantial and continuing changed circumstances?

¶5 2. Should the District Court's order be reversed and the parties' agreement enforced for equitable reasons?

¶6 3. Is this Court's jurisprudence as set forth in *In re Marriage of Widhalm* and similar cases which hold that parents may never contract with each other regarding child support and child custody, inconsistent with United States Supreme Court jurisprudence and the Due Process Clause of the Fourteenth Amendment?

¶7 In addition, Debra requests that this Court award her damages pursuant to Rule 32, M.R.App.P., based upon Patrick's appeal of the District Court's order "without substantial or reasonable grounds."

**Factual and Procedural Background**

2

¶8      Patrick and Debra Caffrey (Debra) were married on August 4, 1983. In late 1991, Patrick and Debra decided to dissolve their marriage, thus they entered into mediation to resolve issues regarding property distribution, child custody and child support. Consequently, Patrick and Debra signed a mediation agreement in February 1992 and, after five months of negotiations, they each signed the "Marital and Property Settlement Agreement" (the Agreement) on July 2, 1992.

¶9      On March 23, 1993, the District Court entered its Decree of Dissolution in this matter. At the time of dissolution, the parties' marital estate was valued in excess of $580,000. Properties received by Debra as an inheritance from her father seven years before the dissolution of the parties' marriage were included in the marital estate as Patrick's income and labor had been required to maintain those properties during the marriage.

¶10     Patrick works as a forest manager for Plum Creek in Seeley Lake and earns approximately $66,000 per year. Debra works as a special education teacher in Missoula and earns approximately $25,000 per year. Patrick and Debra have three children, a son who will be 18 years old in July 2002, and twin daughters who will be 16 years old in May 2002. The Agreement called for Debra to have primary physical custody of the children and for Patrick to surrender $25,000 of his interest in the marital home to Debra in lieu of child support.

¶11     Although the Agreement called for Patrick to claim the children as dependents on his income tax return, Debra claimed the children as dependents on her 1997 return asserting that she provided the majority of support for the children. Thereafter, Patrick petitioned the court to enforce the March 23, 1993 decree as it related to the tax exemptions and to modify the

3

decree as it related to visitation and transportation of the children. The District Court appointed a Guardian Ad Litem for the children to address the issues raised by Patrick's petition. The Guardian did not address the issue of child support.

¶12    In its November 9, 1998 order resolving the parenting issues, the District Court adopted the recommendations of the Guardian Ad Litem as to visitation, but did not make any determination as to the tax exemptions pending the resolution of Debra's Motion to Determine Child Support Obligation filed on May 14, 1998. The District Court appointed another Guardian Ad Litem for the purpose of calculating child support. This Guardian Ad Litem determined that the Agreement did not provide for the needs of the children, hence she recommended a modification of child support using the Montana Child Support Guidelines with a resulting payment from Patrick to Debra of either $605 per month or $1,022 per month, depending on whether the District Court found that a lopsided property distribution had occurred.

¶13    In its March 15, 2000 Order on Child Support, the District Court concluded that the Agreement did not provide for the support of the parties' children, thus a modification of child support was necessary. The court did not make any express findings regarding changed circumstances or unconscionability.

¶14    In its order, the court elected the higher figure recommended by the Guardian Ad Litem and ordered Patrick to pay Debra $1,022 per month in child support payments. The court also ordered that these payments be retroactive to the date of the court's November

1998 order. In addition, the District Court ordered that the tax exemptions for the children be attributed to Patrick.

¶15 Patrick appeals the District Court's March 15, 2000 order regarding child support.

## Standard of Review

¶16 In cases involving modification of child support, we review a district court's findings of fact to determine whether they are clearly erroneous. *In re Marriage of Pearson*, 1998 MT 236, ¶ 29, 291 Mont. 101, ¶ 29, 965 P.2d 268, ¶ 29 (citing *In re Marriage of Widhalm* (1996), 279 Mont. 97, 100, 926 P.2d 748, 750). We review a district court's conclusions of law to determine whether the court's interpretation of the law was correct. *Pearson*, ¶ 29. And, we review a district court's overall decision on modification of child support for abuse of discretion keeping in mind the best interests of the children. *Pearson*, ¶ 29.

## Issue 1.

¶17 *Did the District Court err by modifying child support without finding substantial and continuing changed circumstances?*

¶18 Patrick argues that the District Court erred in modifying child support in this case without first meeting the criteria established in § 40-4-208(2)(b), MCA. He contends that since the District Court did not make express findings that there had been substantial and continuing changed circumstances and that the Agreement was unconscionable, the court was without the authority to modify the Agreement regarding child support.

¶19 Patrick is correct that § 40-4-208(2)(b), MCA, sets forth the standard for district courts to follow when considering the propriety of modifying child support provisions in a

5

dissolution decree. However, Patrick is incorrect in his interpretation of that statute as it applies to this case.

¶20 Section 40-4-208(2), MCA, provides in pertinent part as follows:

(b) Except as provided in 40-4-251 through 40-4-258, *whenever the decree proposed for modification contains provisions relating to maintenance or support*, modification under subsection (1) may only be made:
(i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable;
(ii) upon written consent of the parties; or
(iii) upon application by the department of public health and human services, whenever the department of public health and human services is providing services under Title IV-D of the federal Social Security Act. The support obligation must be modified, as appropriate, in accordance with the guidelines promulgated under 40-5-209. Except as provided in 40-4-251 through 40-4-258, a modification under this subsection may not be made within 12 months after the establishment of the order or the most recent modification. [Emphasis added.]

¶21 In the March 23, 1993 Decree of Dissolution, the District Court specifically decreed: "That the provisions of the Marital and Property Settlement Agreement executed between the parties is approved, but the Agreement is not part of the record in this matter, nor is it to be set forth as part of the court's decree." Consequently, since the parties' Marital and Property Settlement Agreement containing provisions relating to child support was not incorporated into the decree, the provisions of § 40-4-208(2)(b), MCA, are not applicable. In other words, it was not necessary for the District Court to find that there were "changed circumstances so substantial and continuing as to make the terms unconscionable" before the court could modify child support.

6

¶22 Similarly, the cases Patrick relies on in support of his argument regarding unconscionability (*In re Marriage of Jarussi*, 1998 MT 272, 291 Mont. 371, 968 P.2d 720; *In re Marriage of Pearson*, 1998 MT 236, 291 Mont. 101, 965 P.2d 268; *In re Marriage of Clyatt* (1994), 267 Mont. 119, 882 P.2d 503; and *In re Marriage of Barnard* (1994), 264 Mont. 103, 870 P.2d 91) are all distinguishable from the case *sub judice*. In each of those cases, the child support obligation was incorporated into the decree of dissolution, thus, pursuant to § 40-4-208(2)(b), MCA, the court had to find that there were "changed circumstances so substantial and continuing as to make the terms unconscionable" before the court could modify child support. As we have already noted, that is not the case here.

¶23 Accordingly, we hold that the District Court did not err by modifying child support without finding substantial and continuing changed circumstances.

**Issue 2.**

¶24 *Should the District Court's order be reversed and the parties' agreement enforced for equitable reasons?*

¶25 Patrick argues that the Agreement provides adequate support for the parties' three children and that it contains clauses that allow for consultation and appropriate adjustment. He contends that modifying the Agreement at this point would create an unconscionable result and that there has been no finding that the children's needs are not being met. Patrick also argues that his children enjoy an "exceptional" standard of living because he takes them on "adventure vacations" throughout the United States and to places like Bora Bora, Australia and the Caribbean.

7

¶26    Contrary to Patrick's contentions, the children's needs are not being met under the terms of the Agreement. Patrick claims he contributed a lump sum of $25,000 as support for the children at the time of dissolution and that further support is not really necessary even though he claims to have contributed more over the years. Nevertheless, $25,000 was not an adequate amount to provide for Patrick's share of the needs of the parties' three children until they reached the age of majority (which, in the case of the two younger children, was more than eleven years from the date of dissolution). In addition, because of continuing problems between Patrick and Debra, the clauses in the Agreement that "allow for consultation and appropriate adjustment" became unworkable and a determination by the District Court was necessary.

¶27    Furthermore, as Debra noted in her brief on appeal, while the District Court may not have found that the children are "underprivileged" or that Debra is "destitute as Patrick would have the court require," it did determine that the children's needs were not being met on Debra's salary alone without the contribution of their father, and further determined that the children's best interests would be better met if Patrick began contributing to their support. Patrick's taking the children to exotic parts of the globe does not operate to put food in the children's mouths or clothes on their backs. The District Court correctly determined that Patrick's expenditures on vacations with the children do not relieve him of an actual child support contribution towards their daily needs.

¶28    This Court has repeatedly held that a district court must consider the Uniform Child Support Guidelines and the statutory criteria set forth at § 40-4-204, MCA, when it makes its

child support determination. *In re Marriage of Cowan* (1996), 279 Mont. 491, 497-98, 928 P.2d 214, 218 (citations omitted). Section 40-4-204(3)(a), MCA, provides in pertinent part:

> Whenever a court issues or modifies an order concerning child support, the court shall determine the child support obligation by applying the standards in this section and the uniform child support guidelines adopted by the department of public health and human services pursuant to 40-5-209. *The guidelines must be used in all cases, including cases in which . . . the parties have entered into an agreement regarding the support amount.* [Emphasis added.]

¶29 Here, the Guardian Ad Litem made a recommendation based upon the Uniform Child Support Guidelines. The District Court determined that Patrick was not providing for the care and support of his children according to his respective abilities, thus the court properly adopted the guardian's recommendation and ordered Patrick to pay $1,022 each month as support for the children.

¶30 Accordingly, finding no abuse of discretion in the District Court's determination, we affirm the court's award of child support.

**Issue 3.**

¶31 *Is this Court's jurisprudence as set forth in In re Marriage of Widhalm and similar cases which hold that parents may never contract with each other regarding child support and child custody, inconsistent with United States Supreme Court jurisprudence and the Due Process Clause of the Fourteenth Amendment?*

¶32 In its March 15, 2000 Order on Child Support, the District Court cited to *In re Marriage of Widhalm* (1996), 279 Mont. 97, 926 P.2d 748, in support of its conclusion that since the Agreement did not provide support for the parties' children it would be in the best interests of the children to modify any support arrangement. In *Widhalm*, this Court

9

determined that issues of custody and support of children are never left to contract between the parties because it is the children and not the parents who are the beneficiaries of child support decrees. *Widhalm*, 279 Mont. at 101, 926 P.2d at 750 (citations omitted).

¶33 Patrick objects to the District Court's determination arguing that this Court's long standing jurisprudence that District Courts are not bound by contracts concerning child support and child custody should only apply in cases where it has been established that the State has a compelling interest, superior to that of the parents, in the children at issue. He maintains that since this Court has not identified any threshold requirement, such as a finding of abuse or neglect that would trigger such an imposition on a parent's right to raise his or her children, the holdings in *Widhalm* and similar cases are blatantly unconstitutional and in direct conflict with United States Supreme Court jurisprudence such as *Troxel v. Granville* (2000), 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49.

¶34 However, contrary to Patrick's contentions, *Troxel* is distinguishable from this case because *Troxel* dealt with a parent's rights regarding care, custody and control of children and not with child support obligations. In *Troxel*, paternal grandparents petitioned for increased visitation with their deceased son's children. While the children's mother did not deny the grandparents visitation, she believed that the extent of the visitation the grandparents were requesting was not in the children's best interests. The Supreme Court held in *Troxel* that a Washington state statute providing that any person may petition the courts for visitation at anytime and that the courts may order visitation rights for any person when visitation may serve the best interests of the child violated the substantive due process rights of the mother

10

to make decisions concerning the care, custody and control of her children. *Troxel*, 530 U.S. at 75, 120 S.Ct. at 2065.

¶35 Patrick also relies on this Court's decision in *In re E.A.T.*, 1999 MT 281, 296 Mont. 535, 989 P.2d 860, for the proposition that parents have a fundamental liberty interest in raising their children and that the associated rights must be protected by fair procedures. Once again, *E.A.T.* dealt with a parent's rights regarding care, custody and control of children and not with child support obligations. *E.A.T.* involved the termination of a mother's rights because she continually failed to protect her child from sexual abuse by the child's father. While Patrick is correct that parents have a fundamental liberty interest in parenting their children, in the absence of proper care or support, a parent's wishes may be overridden by the State's compelling interest in protecting the best interests of the children.

¶36 In this case, Patrick's fundamental liberty interests in parenting his children have not been jeopardized. Only his decision to withhold child support for his children's needs have been affected by the District Court's decision.

¶37 Accordingly, we hold that this Court's jurisprudence as set forth in *Widhalm* and similar cases which hold that parents may never contract with each other regarding child support and child custody, is consistent with United States Supreme Court jurisprudence and the Due Process Clause of the Fourteenth Amendment.

*Damages*

¶38 Debra requests that we award her damages pursuant to Rule 32, M.R.App.P., based upon Patrick's appeal of the District Court's order "without substantial or reasonable

11

grounds." As a general rule, this Court will not impose sanctions pursuant to Rule 32, M.R.App.P., unless the appeal is entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system. *In re Marriage of Moss*, 1999 MT 62, ¶ 41, 293 Mont. 500, ¶ 41, 977 P.2d 322, ¶ 41 (citations omitted). Although we did not rule in Patrick's favor nor grant him the relief he requested, the issues he raised had merit and were not unreasonable. Therefore, we deny Debra's request for damages pursuant to Rule 32, M.R.App.P.

¶39   Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART


/S/ JOHN W. WHELAN
District Judge John W. Whelan sitting for
Justice James A. Rice

/S/ MIKE SALVAGNI
District Judge A. Michael Salvagni sitting
for Justice Patricia O. Cotter