

DA 07-0646

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 316N

IN RE THE MARRIAGE OF

DARCY JEAN BRONEC,

        Petitioner and Appellee,

   and

JAMES WILLIAM BRONEC,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADR 2005-431
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Shari M. Gianarelli, Gianarelli Law Office, PLLC, Conrad, Montana

       For Appellee:

          Darcy J. Bronec (Self-Represented), Great Falls, Montana

               Submitted on Briefs:  August 13, 2008

                      Decided:  September 9, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James William Bronec (Bronec) appeals the Eighth Judicial District Court's denial of his motion to modify child support. We affirm.

## ISSUE

¶3 Did the District Court abuse its discretion when it determined that there had not been a change in circumstances so substantial and continuing as to warrant modification of the prior child support order?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Bronec and his former wife Darcy (Darcy) were married in 1996. The couple had two children before they divorced in 2006. In October 2006, the parents entered into a Stipulated Final Parenting Plan under which the children are in the primary custody of their mother but have regular and liberal visitation with their father. Also under the Parenting Plan, Bronec pays $300 a month in child support.

¶5 In May 2007, eight months after the Parenting Plan had been executed, Bronec filed a Motion for Modification of Child Support and Brief. In his Motion he argued that his circumstances had substantially changed resulting in his original child support

2

obligation being rendered "unconscionable." He asserted that his daughter from a previous relationship, Ashley, had come to live with him in April 2007, thereby increasing his living expenses. He stated that his overtime income had decreased as a result of his daughter's changed residency and it was impossible for him to meet his monthly obligations if he had to continue paying $300 a month in child support. He also claimed that his children with Darcy were residing with him "nearly half-time" which was not contemplated at the time child support was established. He sought to have the monthly child support reduced from $300 to $90.

¶6 The District Court held a hearing on Bronec's Motion on June 26, 2007. The court heard testimony from both Bronec and Darcy pertaining to their respective jobs, finances, and living arrangements. In October 2007, the District Court issued its Findings of Fact, Conclusions of Law and Order on Bronec's Motion. The court held that Bronec had failed to demonstrate that his circumstances had changed to such a substantial degree that continuing to pay $300 a month for child support for two children was unconscionable. The court denied Bronec's Motion. Bronec appealed.

## STANDARD OF REVIEW

¶7 In child support modification cases, this Court reviews a district court's findings of fact to determine if they are clearly erroneous. *In re Marriage of Martinich-Buhl*, 2002 MT 224, ¶ 12, 311 Mont. 375, ¶ 12, 56 P.3d 317, ¶ 12. We review a district court's conclusions of law to determine whether they are correct. *Marriage of Martinich-Buhl*, ¶ 12. Where a court modifies child support pursuant to § 40-4-208(2)(b)(i), MCA, its determinations regarding substantial and continuing changed circumstances and

3

unconscionability are discretionary. Thus, we review those determinations for abuse of discretion. *In re Marriage of Jarussi*, 1998 MT 272, ¶ 7, 291 Mont. 371, ¶ 7, 968 P.2d 720, ¶ 7. *See also Midence v. Hampton*, 2006 MT 294, ¶ 11, 334 Mont. 388, ¶ 11, 147 P.3d 227, ¶ 11.

## DISCUSSION

¶8     Section 40-4-208(2)(b)(i), MCA, upon which Bronec relies, allows an existing child support order to be modified "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." In addressing a motion under this statute, the court must first determine if a movant's circumstances have substantially changed; only then, and if the circumstances have so changed, does the court determine whether the existing order is unconscionable. *Jarussi*, ¶ 7.

¶9     Bronec asserts that the District Court's findings are clearly erroneous and must be reversed. However, with the exception of the court's finding that Bronec's daughter, Ashley, has established a pattern of moving back and forth between her parents and that her current living arrangement with her father is not likely to be permanent, the "findings" Bronec challenges are actually legal conclusions. Applying our standard of review for factual findings, the finding pertaining to Bronec's older daughter is supported by the record and therefore is not clearly erroneous.

¶10    Turning to the District Court's conclusions of law, the court determined that Ashley's current living arrangement with her father, Bronec's alleged forced reduction in overtime because of Ashley's presence, and the number of days the two younger children spent with him from the time the Parenting Plan was signed and the hearing, did not

4

constitute a change in circumstances so significant as to render Bronec's $300 per month child support obligation unconscionable.

¶11 The court noted that Bronec stopped paying the $201 per month in child support for Ashley while she was living with him but did not seek child support from Ashley's mother. Rather, he sought to reduce his child support obligation for his two children by Darcy to accommodate his alleged increased expense resulting from Ashley moving in with him. The court addressed Bronec's testimony that he could not work overtime now that Ashley lived with him, by noting that Bronec nonetheless could leave Ashley alone for two to four evenings a week to attend karate classes with his son. The court thus concluded that Bronec's testimony that Ashley's presence rendered it substantially more difficult to earn overtime pay lacked credibility.

¶12 The court also reviewed the earnings documents Bronec presented and determined that on his current income, Bronec was capable of continuing to make the child support payments he had agreed to make at the time the Parenting Plan was executed. The court also concluded that certain expenses for the younger children were expected to diminish shortly with a reduction in day care expenses.

¶13 Addressing Bronec's claim that the increased time with his two younger children represented a substantial change in circumstances and was not anticipated in the Parenting Plan, the District Court concluded otherwise. The court noted that the Parenting Plan provided for liberal adjustment to visitation and Bronec was not requesting a change to the visitation schedule. Moreover, Bronec testified at the hearing that he calculated the number of days the children would spend with him during the year

5

by using the schedule set out in the Parenting Plan. The District Court concluded that the time the children had spent and would spend with Bronec did not "represent a substantial and continuing change that will occur in future years." The court also noted that the Plan provided that the children would spend more time with their mother during certain summers.

¶14    We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The record reveals that the District Court reviewed the evidence presented at the hearing—both the oral testimony and the documents presented. Its findings of fact are not clearly erroneous nor are its conclusions based on those findings incorrect. Furthermore, the court did not abuse its discretion in denying Bronec's motion to modify by concluding his circumstances had not changed so substantially as to render his child payment obligation unconscionable.

¶15    We affirm the judgment of the District Court.


                                                    /S/ PATRICIA COTTER


We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS