NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:
MICOLE D. NEELY, *Petitioner/Appellee*,

*v.*

SCOTT W. KLINGBERG, *Respondent/Appellant*.

No. 1 CA-CV 24-0064 FC
FILED 10-08-2024

Appeal from the Superior Court in Maricopa County
No. FC2021-001940
FC2021-050935
The Honorable John R. Doody, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Micole D. Neely
*Petitioner/Appellee*

Tiffany & Bosco, P.A., Phoenix
By Kelly L. Mendoza
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Acting Presiding Judge Kent E. Cattani and Chief Judge David B. Gass joined.

---

**M c M U R D I E**, Judge:

¶1        Scott Klingberg ("Father") appeals from the superior court's orders denying his Petition to Modify Child Support and subsequent Motion to Alter or Amend. Father also appeals the superior court's award of attorney's fees to Micole Neely ("Mother") on his Motion to Alter. We vacate and remand based on error in the court's determination of childcare expenses. Because we vacate the child support order, we also vacate the award of attorney's fees.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father have a six-year-old son together. In October 2022, the superior court issued an order ("Child Support Order") determining the parties' child-support obligations through an incorporated child-support worksheet. The Child Support Order calculated the parties' monthly child-support income, with Mother's at $16,492 and Father's at $7,600. The court found the son's monthly childcare expenses were $1,020.

¶3        About a year later, Father petitioned to modify the Child Support Order. Father alleged that changes in his and Mother's incomes and decreased childcare expenses were substantial and continuing, thus justifying a modification.

¶4        After the Child Support Order, both Father and Mother changed their careers and respective incomes. Father began a new sales position in which he earned a $4,000 commission, was paid 26 times a year, and made an average monthly income of $8,660. Mother scaled back her work as a physician's assistant ("PA") and opened several businesses, including a wellness center and several furnished rental properties. While Mother disputed her current monthly income, Father presented evidence that Mother deposited into her bank accounts around $450,000 over 13 months.

¶5          In the modification petition, Father asked the superior court to calculate Mother's income by averaging her total monthly deposits over 13 months, including any loans, for a total monthly income of $35,000. Father also asserted that Mother had overstated her business expenses.

¶6          Mother testified that her wellness center and rental properties were losing money. She said the new ventures required high start-up costs, which she financed through multiple loans. Based on the high costs, Mother was unsure if either business would become profitable before their son reached adulthood. According to Mother, even her 2021 Tax Return—the only document she testified was reliable—would likely need to be amended.

¶7          The superior court denied Father's modification petition. As support for its order, the court erroneously found that Father had taken a salary cut from $7,600 to $4,000 a month. The court determined that neither parent's venture was likely viable going forward. It chose to leave the Child-Support Order in effect until the parents' respective "gambles can be confirmed – or blown up – by time and experience."

¶8          Father moved to alter or amend the ruling under Arizona Rule of Family Law Procedure 83. Father argued that the superior court erred by stating his monthly income was $4,000 instead of $8,660 and by refusing to find Mother's monthly income was above what she claimed. The court denied the motion and allowed Mother to apply for attorney's fees. Following Mother's timely application, the court issued an order granting her reasonable attorney's fees and costs.

¶9          Father appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") §§ 12-2101(A) and -120.21(A)(1).

## DISCUSSION

¶10          We review child support awards for an abuse of discretion. *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018). "A court abuses its discretion when the record lacks competent evidence to support its findings." *Brucklier v. Brucklier*, 253 Ariz. 579, 582, ¶ 10 (App. 2022). "We 'accept the trial court's findings of fact unless they are clearly erroneous,' but 'draw our own legal conclusions from facts found or implied in the judgment.'" *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6 (App. 2002) (citation omitted).

¶11          A child support order may be modified "only on a showing of changed circumstances that are substantial and continuing." A.R.S.

§ 25-327(A); *see also* A.R.S. § 25-320 app. ("Guidelines") § XIV(A) ("To qualify for a modification, the parent seeking to modify child support must show a substantial and continuing change in circumstances."). Whether a change in circumstances has occurred is a question of fact. *Schroeder v. Schroeder*, 161 Ariz. 316, 323 (1989). The superior court has the "sound discretion" to decide whether changed circumstances warrant a modification, *Pearson v. Pearson*, 190 Ariz. 231, 233 (App. 1997) (quoting *Cummings v. Cummings*, 182 Ariz. 383, 387 (App. 1994)), and the "Guidelines do not replace the exercise of trial discretion; they focus it." *Id.* at 234 (quotation omitted). In exercising discretion, the superior court must "consider the nature of the changes and the reason for the changes." *Little v. Little*, 193 Ariz. 518, 523, ¶ 14 (1999) (quoting *In re Marriage of Clyatt*, 882 P.2d 503, 505 (Mont. 1994)).

## A.    The Superior Court Erred by Finding No Substantial and Continuing Change in Circumstances.

**¶12**        Father asserts that because the monthly childcare cost is $290 lower than the previous $1,020 cost, this, *per se*, constitutes a substantial and continuing change in circumstances. At the hearing, Mother's payment of $730 for monthly childcare expenses was undisputed.

**¶13**        If applying the Guidelines would lead to an order that varies 15% or more from the existing order, that is evidence of a substantial and continuing change in circumstances. *See* Guidelines § XVII(B). Using Father and Mother's incomes from the Child Support Order, the change in childcare expenses would cause a 15% variance in favor of Father under the Guidelines's income shares model.

**¶14**        The court made no specific findings about the $290 decrease in monthly childcare costs. Mother argued in her response to Father's modification petition that the change in tuition was "not a significant change of circumstances that warrants modification of child support." But Mother provided no evidence or legal support for the claim that the decreased childcare expense is neither substantial nor continuing. Thus, given the 15% variance and the lack of further findings on the issue, the superior court abused its discretion by determining that the change in education costs did not constitute a substantial and continuing change in circumstances. We vacate the Child Support Order and remand for the court to correct this and any other error identified by the parties.

**¶15**        The court's findings about the parties' income need further clarification. After the Child Support Order, Mother pivoted from a career

as a full-time PA to an entrepreneur. Mother testified that based on high costs, neither business was profitable and that she had to take out loans and was heavily in debt. Because of her business losses and scaled-back hours, Mother argued her income was much lower than the monthly income listed in the Child Support Order at $16,492.

¶16        Based on Mother's uncertainty, the superior court found no substantial and continuing change in circumstances existed. *See* Guidelines § II(A)(4)(e) (When a parent is underemployed, the court may impute income to a parent if doing so is in the child's best interests.); *see also Little*, 193 Ariz. at 522, ¶ 12 ("[T]he paramount factor a trial court must consider in determining whether a voluntary change in employment constitutes a substantial and continuing change in circumstances sufficient to justify a child support modification is the financial impact of the parent's decision on the child."); A.R.S. § 25-501(C) ("The obligation to pay child support is primary and other financial obligations are secondary."). The court reasoned that Mother could not prove her financial situation was viable. It declined to modify the Child Support Order until the viability of the parties' respective employment circumstances can be determined. As a result, the superior court refused to find a substantial and continuing change in circumstances based on Mother's income and left the Child Support Order using her PA wages of $16,492 undisturbed.

¶17        Father argues that the superior court erred by refusing to calculate Mother's income by averaging the total monthly deposits into her account over 13 months for $35,000. Father contends Mother's business expenses are minimal, and thus nearly all her incoming funds, including any loans, should be included as income. Although funds obtained by loan are not income, the court's conclusions in this area are otherwise contradicted by the records submitted and are inadequate. A detailed recitation of the discrepancy is unnecessary because we are remanding for a redetermination of child support based on the undisputed childcare expense evidence.

¶18        Father notes that the superior court clearly erred by finding that his income decreased from $7,600 to $4,000 monthly in its modification petition findings. Indeed, the record shows that Father earned $8,660 a month in a commission draw, meaning his monthly pay had increased. This correction should also be made.

¶19        The court should allow the parties on remand to supplement the record and explain its findings on their income. Because we vacate the Child Support Order, we also vacate the award of attorney's fees.

**B.      Attorney's Fees and Costs on Appeal.**

**¶20**       Both Mother and Father request attorney's fees and costs on appeal under A.R.S. § 25-324(A) and Arizona Rules of Civil Appellate Procedure 21(a). Finding the parties' financial resources relatively balanced and that neither party's position was unreasonable, we decline to award attorney's fees.

## CONCLUSION

**¶21**       We vacate the Child Support Order and attorney's fees award and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV